**GENERAL ELECTRIC CREDIT COR-PORATION, et al., Appellants,**

v.

**Joe J. GUTIERREZ, et ux., Appellees.**

**No. 13–83–360–CV.**

Court of Appeals of Texas,
Corpus Christi.

March 15, 1984.

Kenneth Oden, Jr., Perkins, Oden, Warburton, McNeill & Adami, Alice, for appellants.

Thomas M. Schumacher, Hector Gonzalez Law Office, Corpus Christi, for appellees.

Before NYE, C.J., and KENNEDY and GONZALEZ, JJ.

## OPINION

NYE, Chief Justice.

This is a venue case. Appellees brought suit against appellant alleging a cause of action for deceptive trade practices under TEX.BUS. & COMM.CODE ANN. § 17.41 et seq. Appellant filed a plea of privilege to be sued in Bexar County, Texas, its county of residence. Appellees filed a controverting plea alleging venue was proper in Live Oak County under the provisions of TEX.REV.CIV.STAT.ANN. art. 1995 § 30 (Vernon 1964) and under § 17.56 of the Deceptive Trade Practices Act. The trial court held that venue was proper in Live Oak County.

Appellees Joe and Mickie Gutierrez brought suit against American Mobile & Modular Homes of San Antonio, Inc. (American), complaining of defects in the mobile home that they purchased from American. Evidence at the plea of privilege hearing showed that appellees had purchased a mobile home from American on October 18, 1978, in San Antonio. It was delivered to their lot in Live Oak County shortly after the purchase. The pleadings introduced at the hearing allege a claim by appellant that formaldehyde-emitting materials were used in the manufacture of the mobile home which, in fact, caused injury. Appellees claimed violations of § 17.46(a), § 17.46(b) and § 17.50(a)(3) of the Texas Deceptive Trade Practices Act.

Mr. Gutierrez testified that after the mobile home was delivered, he noticed leveling problems. He telephoned American in San Antonio. They sent someone to Live Oak County to attempt to remedy the problem. Gutierrez testified that he again called American to complain that the trailer was not properly leveled, but American did not respond. Appellee testified that he called

American on another occasion to request delivery of his air conditioner.

■ In our review of an order overruling a plea of privilege, we must affirm the judgment of the trial court on any legal theory that finds support in the evidence, and it must be presumed that every issue of fact was resolved in favor of the appellees by the trial court. *Jim Walters Homes, Inc. v. Douglas*, 603 S.W.2d 255 (Tex.Civ.App.—Corpus Christi 1980, writ dism'd).

■ Plaintiffs base their cause of action on when they purchased their mobile home, which was on October 18, 1978. They did not file suit until May 28, 1980. As a general rule, venue is controlled by the law in effect at the time of the institution of the lawsuit. *Big Rock Properties Texas, Inc. v. King*, 613 S.W.2d 804 (Tex. Civ.App.—Houston [14th Dist.] 1981, no writ); *Dairyland County Mutual Insurance Company of Texas v. Harrison*, 578 S.W.2d 186 (Tex.Civ.App.—Houston [14th Dist.] 1979, no writ). However, in this case, because of the prospective nature of the 1979 amendments, the general rule is not applicable to suits brought after the effective date of the 1979 amendments. *U.S. Steel Corp. v. Fiberglass Specialties, Inc.*, 638 S.W.2d 950 (Tex.App.—Tyler 1982, no writ). The 1979 amendments became effective August 27, 1979. Plaintiffs base their claim upon a purchase made in 1978. Consequently, the 1977 amendments to the Deceptive Trade Practices Act which were in effect at the time of plaintiffs' purchase are the ones which must be utilized in deciding this case. *U.S. Steel Corporation v. Fiberglass Specialties, Inc.*, 638 S.W.2d 950 (Tex.App.Tyler 1982, no writ); *Gable v. Wood*, 622 S.W.2d 884 (Tex. App.—Fort Worth 1981, writ dism'd); *Ferrara v. Corinth Joint Venture*, 611 S.W.2d 669 (Tex.Civ.App.—Eastland 1980, no writ); Curry, The 1979 Amendments to the Deceptive Trade Practices-Consumer Protection Act, 32 Baylor L.Rev. 51, 79 (1980). The venue provision which was in effect at the time the Gutierrezes purchased their mobile home reads as follows:

"An action brought which alleges a claim of relief under Section 17.50 of this subchapter may be commenced in the county in which the person against whom the suit is brought resides, has his principle place of business, or has done business."

Plaintiffs have alleged a claim to relief under § 17.50; as such, they do not need to prove a cause of action under § 17.56 in order to maintain venue in Live Oak County. TEX.BUS. & COMM.CODE ANN. § 17.56; *Hodges v. Casey*, 646 S.W.2d 175 (Tex.1983). Appellees had to prove that appellant American had done business in Live Oak County. This they did. Venue is proper in a county in which the defendant has done business. A single transaction which is the basis of the suit is sufficient. *Legal Security Life Insurance Co. v. Trevino*, 605 S.W.2d 857 (Tex.1980).

■ The record reveals that appellant delivered the mobile home to appellee in Live Oak County. They set it up, tied it down and attempted to level it. The appellee claimed the appellant had not leveled it properly, and the appellant returned to Live Oak to remedy the problem. Appellee also telephoned American from Live Oak County to have the air-conditioner in the mobile home installed. Similarly, Marie Chavarria, appellee's sister, testified that a mobile home was also delivered by American to her in Live Oak County. We hold that there was sufficient evidence before the court to show that appellant had done business in Live Oak County.

Appellant's points of error one and two are overruled.

■ Appellees assert as a counterpoint that appellant's brief should be stricken for failure to comply with TEX.R.CIV.P. 418(d) by not referencing in parentheses the appropriate page number of the record. While appellant's brief did not comply totally with the briefing requirements set out in Tex.R.Civ.P. 418, the record in this case was so brief that we were able to easily determine the pages to which appellant referred. Although all attorneys are required to adhere strictly to all of the rules

relative to civil cases, we do not find that this infraction would be cause for rebriefing. *See Barber v. Corpus Christi Bank and Trust*, 506 S.W.2d 254 (Tex.Civ.App.—Corpus Christi 1974, no writ). Appellees' counterpoint is overruled.

The judgment of the trial court is affirmed.