Roger C. ROCHA, Appellant,

v.

Irma Rocha VILLARREAL, Appellee.

No. 04–88–00128–CV.

Court of Appeals of Texas,
San Antonio.

March 22, 1989.

Julio Garcia, Dist. Atty., Laredo, for appellant.

Alejandro E. Villarreal, III, Laredo, for appellee.

Before CADENA, C.J., and BIERY and CARR, JJ.

## OPINION

BIERY, Justice.

This is the tragic case of five human beings, three of whom are children, caught in the midst of an ongoing divorce war.

The story began in October of 1966 when Roger C. Rocha and Irma A. Rocha (now Irma Villarreal) were married. Three children were born of this union: Clemen Rocha, born July 22, 1967; Roger C. Rocha, Jr., born July 12, 1970; and Roberta Rocha, born January 3, 1972.

The year 1975 saw Roger and Irma begin divorce and post-divorce litigation, which is now in its fourteenth year. Following the divorce decree, which was signed November 17, 1976, there has been a plethora of subsequent motions to modify and motions for contempt. The transcript of the pleadings in this ongoing domestic dispute is over five hundred pages.

The latest chapter in this saga, which brings the matter before this court, involves motions and counter-motions to modify the managing conservatorship of Roberta and the child support for the benefit of Roberta and Roger, Jr. The oldest child, Clemen, attained majority before the present litigation began.

A chronology of certain motions and orders pertinent to this appeal is as follows:

A. A modification order of April 10, 1979 reduced the child support from $200.00 per month per child as set in the original decree to $100.00 per month per child.

B. An agreed order of March 1, 1984 placed the managing conservatorship of Roberta with her father, Roger Rocha. No mention was made in this agreed order about child support for any of the children.

C. April 29, 1986 saw the filing by Roger of a motion to modify the March 1, 1984 order, asking that Irma be reappointed as managing conservator of Roberta.

D. On May 13, 1986, Irma filed a counter-motion to modify agreeing to be reappointed managing conservator of Roberta, alleging that Roberta and Roger, Jr. are subjects of the counter-motion (although Roger, Jr. was not mentioned in the March 1, 1984 modification order), requesting that the court make proper orders for support of "the child," and asserting that circumstances have changed as to both Roger, Jr. and Roberta and that child support should be increased.

E. May 13, 1986 also saw the filing by Irma of an answer to the motion to modify, which agreed with the motion of April 29, 1986 and asked that Roger be ordered to pay support.

F. Roger filed, on May 27, 1986, an answer to Irma's counter-motion and asserted that the child support had been more than generous and denied that the circumstances had materially changed.

G. On June 4, 1986, Irma filed an answer to the motion to modify prior orders in which she again requested that Roger Rocha provide reasonable support for Roberta Rocha and Roger Rocha, Jr.

H. Amended counter-motion by Irma filed June 29, 1987 requesting retroactive child support.

The parties subsequently agreed that Irma would be reappointed managing conservator of Roberta. After nineteen months, the trial court, on December 8, 1987, signed its order modifying the prior orders in the following respects:

A. Confirmed the agreement of the parties reappointing Irma as managing conservator of Roberta.

B. Set the child support to be paid by Roger for the benefit of Roger, Jr. and Roberta at $350.00 per month per child.

C. Required that the new child support amount be retroactive to May 12, 1986.

D. Found that Roger C. Rocha should have paid $13,300.00 ($700.00 per month times nineteen months) during the nineteen months preceding the signing of the new order, a simultaneous finding that Roger C. Rocha had paid zero during the preceding nineteen months and entered an arrearage judgment for $13,300.00.

By seventeen points of error, Roger C. Rocha, appellant, appeals from the order of the trial court dated December 8, 1987. The points of error will be grouped in the following categories:

A. Complaints concerning the pleadings. (Points of error one and two)

B. Allegations that the trial court abused its discretion in setting the child support at $350.00 per month per child. (Points of error twelve through seventeen)

C. Complaints that the trial court abused its discretion in making the child support retroactive to May 12, 1986. (Points of error three through eleven)

D. Challenges to the trial court's action in simultaneously entering an arrearage judgment against Roger Rocha for $13,300.00. (passim)

We affirm that part of the trial court's order setting the child support at $350.00 per month per child retroactive to May 21, 1986. We reverse that part of the order which simultaneously entered a judgment against appellant for $13,300.00.

We address appellant's first two points of error, which complain of the trial court's action in allowing the appellee to make certain amendments in her pleadings. The purpose of a pleading is to give fair notice to the opponent. All pleadings shall be construed so as to do substantial justice. TEX.R.CIV.P. 45. In family law matters, strict pleading requirements are not favored. *See, e.g., Leithold v. Plass*, 413 S.W.2d 698, 701 (Tex.1967). When a court acquires jurisdiction of a suit affecting the parent-child relationship, that court retains continuing, exclusive jurisdiction to determine child support. TEX.FAM.CODE ANN. § 11.05(a) (Vernon 1986).

 In reviewing the relevant pleadings, we note that appellee's first pleading related to this proceeding was filed May 13, 1986 and was denominated Respondent's Counter Motion To Modify In Suit Affecting The Parent–Child Relationship. In paragraph six of this pleading, appellee requests that she be named managing conservator of Roberta and that "the court make proper orders for the support of the child." In paragraph seven of the same pleading, appellee alleges that:

the circumstances of both Roger Rocha and Roberta Rocha, the children, or a person affected by the order or portion of the decree providing for the support of the children have materially and substantially changed since the entry of the order to be modified, and *the support payments previously ordered should be increased.* (Emphasis added)

We further note that the counter-motion to modify was originally set on June 10, 1986, approximately one month after it was filed. Had the parties presented their evidence at that time, there would have been little practical reason to take up the issue of retroactive support.

Subsequent to the initial pleading filed by the parties, the appellant filed seven motions for continuance and contributed to the delay in failing to produce financial information. While appellee also filed a motion for continuance and contributed to the nineteen month delay, we cannot say that the trial court abused its discretion in

allowing appellee to file her amended pleading on June 29, 1987 which, among other things, requested that the child support award be made retroactive.

We hold that the pleadings gave fair notice to appellant that child support for the children was at issue as of May 13, 1986. Given the ability of the trial court to know firsthand the relevant facts and circumstances and given the broad power vested in the trial court in child support matters, we further hold that the trial judge was well within his discretion in allowing the amended pleading. Points of error one and two are overruled.

■ We next address the points of error which challenge the trial court's setting of the child support at $350.00 per month per child for each of two teenage children. In the traditional family situation, the needs of one's children and the ability to pay for the standard of living of one's children are customarily decided by parents within the family unit. When the traditional family dissolves and parents cannot reasonably agree on the needs of their flesh and blood, the beleaguered trial judge is expected to become *in loco parentis* and is required to make those family decisions. Because of this awesome responsibility, broad discretion is vested in the trial judge and the evidence will be reviewed in the light most favorable to the trial court's decision. *Leithold,* 413 S.W.2d at 701; *Ulrich v. Ulrich,* 652 S.W.2d 503, 505 (Tex.App.— Houston [1st Dist.] 1983, no writ). The setting of child support by the trial court will be reversed on appeal only on a finding of clear abuse of discretion. *Gillespie v. Gillespie,* 644 S.W.2d 449, 451 (Tex.1982); *Ulrich,* 652 S.W.2d at 505; *Williamson v. Williamson,* 624 S.W.2d 633, 635 (Tex.App. —Houston [14th Dist.] 1981, no writ).

In reviewing the record in this case, we note that the trial judge had before him numerous exhibits and over five hundred pages of testimony and argument concerning the financial status of the parties and the needs of the children. For example, appellee testified that when child support was originally set at $100.00 per month, she had operated her own business, which closed in 1982. In addition, the company she worked for after her business closed also shut down. Appellee filed for bankruptcy, leaving her with a 1979 truck as her only asset. Finally, the record contains the 1985 and 1986 income tax returns of appellant, indicating that appellant's annual income is approximately $60,000.00.

We further note that the trial court reduced by 30% the amount of support requested by appellee and did not order appellant to provide any medical insurance or to pay for any of the children's out-of-pocket medical bills. We further presume that the learned trial judge took into account the fact that appellant has been providing housing for appellee and the children and that appellant had only been paying $100.00 per month per child since 1979.

While we might have reached a somewhat different conclusion, it is not within the province of the appellate court to substitute its judgment for that of the trial court. *Pratt v. Texas Dep't of Human Resources,* 614 S.W.2d 490, 494 (Tex.Civ. App.—Amarillo 1981, writ ref'd n.r.e.). We hold that the trial judge did not abuse his discretion in setting the child support. Points of error numbers twelve through seventeen are overruled.

■ We next address, on an abuse of discretion standard, the appellant's challenge to the trial court's retroactive setting of the child support to May 12, 1986. The Texas Family Code expressly empowers the court to modify retroactively support obligations which have accrued since the filing of the motion to modify. *Mendoza v. Mendoza,* 621 S.W.2d 420, 422 (Tex.Civ. App.—San Antonio 1981, no writ); TEX. FAM.CODE ANN. § 14.08(c)(2) (Vernon Supp.1989); *see Casterline v. Burden,* 560 S.W.2d 499, 501 (Tex.Civ.App.—Dallas 1977, no writ). If a child support award or modification thereof could not be made retroactive to the date on which issue was joined, there would be considerable motive on the part of respondents to engage in dilatory tactics. Further, the busy trial courts of this State, both urban and rural, simply do not have the resources to insure that their *in loco parentis* responsibilities

will be fulfilled within a few weeks of the filing of this kind of motion. Thus, it is imperative that the trial judge have broad discretion to decide whether all of the facts and circumstances necessitate and justify a retroactive award of support.

In this case, the trial judge had before him all of the motions for continuance, motions for production, motions for sanctions and motions for extension filed by the parties. As stated above, the trial court also had over five hundred pages of testimony and argument. Viewing the evidence in the light most favorable to the judgment, we hold that the trial court did not abuse its discretion in setting the child support retroactive to May 12, 1986. Points of error numbers three through eleven are overruled.

■ Appellant also challenges the trial court's action in entering a judgment against appellant for $13,300.00 ($700.00 per month times nineteen months). This judgment was entered in the same order in which appellant was told that his new child support amount would be $700.00 per month and would be retroactive to May 12, 1986. After nineteen months of wrangling between the parties on this particular motion to modify, the learned trial judge was no doubt frustrated with the entire situation; however, we hold that the entry of the $13,300.00 judgment was error and that part of the judgment is modified.

TEX.FAM.CODE ANN. § 14.41(a) (Vernon Supp.1989) provides that a child support payment not timely made shall constitute a final judgment for the amount due and owing. The law further provides that "On the motion of an obligee or obligor, after notice and hearing, the court shall confirm the amount of child support in arrears and shall render judgment against an obligor for any amount of child support unpaid and owing."

In the instant case, we can find no motion of appellee seeking a judgment against appellant. Further, there is no indication in the record that specific notice was given to appellant that a judgment was being sought against him, nor was there any particular hearing held at which time appel-

lant would have been afforded an opportunity to present evidence of how much support, if any, he had contributed for the benefit of the minor children during the nineteen month period involved. In order to avoid having a judgment against him, appellant would have had to foresee what modifications, if any, the trial court was going to make. Therefore, we sustain appellant's points with regard to the $13,-300.00 judgment.

■ In his final point of error number seventeen, appellant says that the trial court abused its discretion in not granting a new trial to appellant because of newly discovered evidence that appellee had obtained a full-time teaching position and was gainfully employed as of September 4, 1987. The decision to grant or deny a new trial is a matter within the sound discretion of the trial court. *Grohn v. Marquardt,* 657 S.W.2d 851, 857 (Tex.App.—San Antonio 1983, writ ref'd n.r.e.). In reviewing all of the evidence which was before the trial court, including the fact that Roger C. Rocha, Jr. reached majority only a few months after the newly discovered evidence, we cannot say that the trial court abused its discretion in denying the motion for new trial. Point of error number seventeen is overruled.

The judgment of the trial court is modified by deleting that portion granting appellee a judgment against appellant for $13,300.00, representing unpaid child support. As so modified, the judgment of the trial court is affirmed.

We note with sadness that the costs of this appeal would have provided approximately one year's college education for at least one of the children of this family. Costs of the appeal are assessed equally against the parties.