Michael Allen LAHAR, Appellant,

v.

Petra Monika LAHAR, Appellee.

No. 09-90-028 CV.

Court of Appeals of Texas,
Beaumont.

Jan. 17, 1991.

Terrence Gaiser, Houston, for appellant.

Petra Lahar, Austin, pro se.

Before WALKER, C.J., and
BROOKSHIRE and BURGESS, JJ.

OPINION

BURGESS, Justice.

This is an appeal from a divorce suit. The trial court awarded managing conservatorship of the one child of the marriage to Petra Monika Lahar and ordered Michael Allen Lahar pay child support in the amount of $350 per month. Michael Lahar raises four points of error.

Point of error one claims the trial court abused its discretion in setting the amount of child support when it failed to consider appellant's obligation to support a second child. Point of error two urges the court failed to consider that appellant was obligated to support a second child. Point of error three contends there was insufficient evidence to support the trial court's finding that the correct percentage to be applied was twenty percent. Point of error four argues there was no evidence to support the trial court's findings that the correct percentage to be applied was twenty percent. Appellant addresses the points under a single argument. Appellee is without counsel and has not filed a brief.

The parties jointly requested findings of fact as to how the child support guidelines were used in computing the amount of child support, as provided by TEX.FAM.CODE ANN. § 14.057 (Vernon Supp.1990). Appellant also requested a finding on whether the court found the homestead was community or separate property. The court filed its findings of fact as follows:

(1) the amount of net resources available to the obligor per month is $1,768.70;

(2) the amount of net resources available to the obligee per month is less than $1,499.00;

(3) the amount of child support payments per month that is computed if Section 14.055, *Family Code*, applied is $353.74;

(4) the percentage applied to the obligor's net resources for child support by the actual order rendered by the Court is 20%; and

(5) the specific reasons that the amount of support per month ordered by the Court varies from the amount computed by applying the percentage guidelines pursuant to Section 14.055, *Family Code*, are: there is no variance from the guidelines.

The trial court found that the homestead was community property.

One child was born of the marriage. Appellant had an illegitimate child during the marriage. It appears a paternity suit was filed. Appellant produced neither a court order ordering appellant to pay child support nor a judgment in the paternity suit. The only evidence that appellant is obligated to pay child support for a child other than the one born of the marriage is the following testimony by appellant:

[Questions by appellant's counsel]

Q   Are you presently paying child support for any other child?

A   Yes, ma'am.

Q   Could you tell the Court what the terms of that are?

A   Okay. It is $190.00 a month and $60.00 a month in arrearages.

Q   How much were the arrearages that the Court found against you?

A   $1,720.00

Q   And how long will you be paying the additional $60.00 per month?

A   Twenty-nine months.

Q   So, what is the total amount per month that you pay for the other child?

A   I think it is two fifty.

Appellant argues the court did not correctly apply the child support guidelines. At trial, appellant requested that the amount of child support be set at 12.5% of his net income.

The guidelines for setting the amount of child support in a suit involving the parent-child relationship are found in TEX.FAM.CODE ANN. § 14.055 (Vernon Supp. 1990). The reference to the number of children are the number of children involved in the particular suit before the court, not the total offspring of the obligor. This is evident in TEX.FAM.CODE ANN. § 14.054 (Vernon Supp.1990), which lists the relevant factors the court shall consider in rendering its final determination of the amount of support. These factors include "the amount of child support actually and currently being paid or received by either party under another child support order". There is only one child involved in this suit affecting the parent-child relationship. Thus, the trial court applied the correct percentage.

Appellant had the burden of proving the existence and amount of his child support obligations. He did testify that he is presently paying $190 per month plus $60 per month in child support in support of a child not involved in this suit. However, he did not introduce evidence that there is a final judgment adjudicating paternity. Nor did he introduce evidence that he bears any financial obligation to the child under an existing court order. In a bench trial the trial court is the sole judge of the credibility of witnesses and the weight to be given their testimony, and may believe or disbelieve part or all of any witness testimony. *Vandyke v. Austin Independent School District*, 547 S.W.2d 354 (Tex.Civ.App.—Austin 1977, no writ). Appellant did not conclusively establish the fact and amount of his child support obligations, nor are the trial court's findings against the overwhelming weight and preponderance of the evidence. *See Garza v. Alviar*, 395 S.W.2d 821 (Tex.1965); *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951). The trial court could have refused to consider the support paid for appellant's other child because appellant failed to meet his burden of proof that he was actually and currently paying $250 per

month in child support under another child support order. The trial court's order setting child support will not be disturbed on appeal absent a clear abuse of discretion. *Zetune v. Jafif–Zetune*, 774 S.W.2d 387 (Tex.App.—Dallas 1989, *writ denied*), *cert. denied*, —— U.S. ——, 111 S.Ct. 51, 112 L.Ed.2d 26 (1990). Considering appellant did not produce any judgments, court orders, or child support payment records, we cannot find that the trial court abused its discretion in determining the amount of child support. Points of error one through four are overruled and the judgment of the trial court affirmed.

AFFIRMED.