Jose L. SALAZAR, Appellant,

v.

The ATTORNEY GENERAL OF TEXAS
and Mary A. Newman, Appellees.

No. 13–91–147–CV.

Court of Appeals of Texas,
Corpus Christi.

Feb. 27, 1992.

Charles W. Cromwell, Corpus Christi, for appellant.

Michael Ryan, Atty. Gen's. Office, Corpus Christi, Dan Morales, Atty. Gen., Will Pryor, First Asst. Atty. Gen., Mary F. Keller, Executive Asst. Atty. Gen., Ellen Abbott, Asst. Atty. Gen., Austin, for appellee.

Before DORSEY, KENNEDY and GILBERTO HINOJOSA, JJ.

## OPINION ON MOTION
## FOR REHEARING

DORSEY, Justice.

Upon consideration of the motion for rehearing filed in this child support case, we grant the motion, withdraw our original opinion rendered January 30, 1992, and substitute the following opinion and judgment in its place.

This is an appeal from a child support order in an action determining paternity. The issue is whether the trial court was required to consider all four of appellant's children when determining which child support guideline, contained in Section 14.055 of the Family Code, to follow. Tex.Fam. Code Ann. § 14.055 (Vernon Supp.1991). Jose L. Salazar asserts by one point of error that the trial court abused its discretion in setting child support for one child by refusing to consider all four of his children. Salazar contends that the court should have considered his other three children in determining the percentage of appellant's net resources available for support of this one child, the subject of the action. We overrule the point of error and affirm the judgment.

The sufficiency of the evidence is not challenged. The trial judge entered findings of fact and conclusions of law upon which he based his judgment. He found that the appellant, Jose L. Salazar, is the biological father of J.S., the child the subject of this suit, who was born September 19, 1983. The court found that Salazar is

the respondent in a pending divorce case, in which he is the father of three children, one of whom was born before J.S. In setting child support for J.S., the court expressly did not consider the two children born after J.S. and after the filing of this paternity action. The court consulted the guidelines for child support established by Tex.Fam. Code Ann. § 14.055, calculating child support for J.S. by considering that he was one of two Salazar children, and was thus entitled to one-half of 25% of appellant's net resources. Appellant's net resources were found to be $1,950.00 per month, and support awarded for J.S. was rounded to $240.00 per month.

> The court's one conclusion of law was: When the father has been established in a paternity case, and when that father is the legal father of other children, the only children that should be considered when setting child support for the child, the subject of the paternity case, are those children that were born prior to the birth of the child in the paternity case.

■ Salazar argues that the court should have considered all four of his children and awarded J.S. a portion of the 35% of net resources established by Family Code § 14.055 for the support of four children. Salazar calculates that J.S.'s portion is one-fourth of 35%, or 8.75%, of his net monthly income.

■ A three-step process is used in setting child support under the guidelines established in the Family Code. The first step is to determine how many children are before the court seeking support in the action. The next step is to apply § 14.055 to determine the percentage of net resources to be allocated for the support of those children. Finally, Tex.Fam.Code Ann. § 14.054 (Vernon Supp.1991) is consulted to determine whether a variance from the support guidelines is justified.

■ We hold that the court should have considered only J.S. when setting the amount of support to be paid to the child. When applying the guidelines set forth in § 14.055, the number of children to be considered is the number involved in the particular suit before the court, not the total offspring of the obligor. *Escue v. Escue,*

810 S.W.2d 845, 848 (Tex.App.—Texarkana 1991, no writ); *Lahar v. Lahar*, 803 S.W.2d 468, 469 (Tex.App.—Beaumont 1991, no writ). As only J.S. was the subject of this action, the court should have applied the percentage of net resources § 14.055 allows for one child, which is twenty percent.

■ Having determined the guideline percentage for the number of children involved in the particular lawsuit, the court may then set the amount of child support within or outside the range recommended in § 14.055 if relevant factors other than the guidelines justify a variance from those guidelines. Tex.Fam.Code Ann. § 14.054. Section 14.054 requires that in making its final determination, the court *shall* consider all relevant factors. One such factor includes the amount of child support actually and currently being paid or received by either party under another child support order. In *Lahar*, the court declined to consider as a relevant factor a second child in addition to the one involved in the particular lawsuit because the appellant failed to produce a court order requiring him to support that child. *Lahar*, 803 S.W.2d at 469. In *Escue v. Reed*, 790 S.W.2d 717 (Tex.App.—El Paso 1990, no writ), the court considered as relevant a child other than the one involved in the particular lawsuit because the appellant produced a court order ordering him to support that child. The court then reconsidered the § 14.055 guidelines and applied the percentage recommended for the support of two children. *Escue v. Reed*, 790 S.W.2d at 720. The Texarkana Court of Appeals rendered the same decision when Escue submitted his case there. *See Escue v. Escue*, 810 S.W.2d at 848.

Applying recent Texas case law and the Family Code, we hold that the only child at issue in this particular lawsuit was J.S. Therefore, the trial court did not err by failing to consider all four of Salazar's children when determining support to be paid J.S. The point of error is overruled.

The judgment is AFFIRMED.