**Marilyn Rae SANCHEZ, Appellant**

v.

**Mike SANCHEZ, Appellee.**

**No. 04–95–00280–CV.**

Court of Appeals of Texas,
San Antonio.

Jan. 10, 1996.

Kenneth S. Saks, Oliva & Saks, L.L.P., San Antonio, for Appellant.

David Jed Williams, San Antonio, for Appellee.

Before RICKHOFF, LÓPEZ and HARDBERGER, JJ.

## OPINION

RICKHOFF, Justice.

This appeal involves an order denying the payment of child support in a divorce action where a portion of the recorded proceedings in the trial court were lost. The trial court awarded each parent custody of one of the parties' minor children but did not order either parent to pay child support to the other. In five points of error, the appellant, Marilyn Rae Sanchez, contends the trial court erred in ordering that neither party pay child support. She also argues that she is entitled to a new trial based on the loss of a portion of the trial court record. We affirm the trial court's judgment.

### Summary of Facts

Appellant sued appellee for divorce. The case was initially tried on October 21, 1994, and a letter ruling was issued on October 25, 1994, setting forth the trial court's proposed decree. On November 18, 1994, a second hearing was held in response to the appellant's Motion to Reconsider and Motion to Clarify or Amend Court's Ruling.

The trial court named the parties as joint managing conservators of their two children, with each party being granted primary physical custody of one child. The trial court also

ordered the appellee to pay the appellant $20,000, representing one-half the value of the homestead awarded to the appellee. This debt was to be evidenced by a promissory note and paid over a period of seven years. In addition, the trial court found that the appellee should assume a greater proportion of the community debts because the appellant did not have sufficient resources to service the debts; however, the appellee was awarded a credit against the note for the excess debt he assumed.

Although the trial court found that the amount of child support payable in accordance with section 14.055 of the Texas Family Code would be $155.00 for appellant and $560.00 for appellee, the trial court ordered that neither party pay child support to the other. In its written order, the trial court gave three specific reasons for its action. First, each party was granted primary physical custody of one child and would be primarily responsible for the full support of the child. Second, the appellee would have less monthly resources due to his assumption of a greater proportion of the community debt service and the monthly note payments to the appellant. Finally, the appellee would be receiving additional monthly income from the note payments.

The appellant requested a statement of facts in connection with this appeal on or about March 27, 1995. As a result of the trial court's delay in forwarding the records to the court reporter, the appellant filed a second request on April 13, 1995. Appellant then discovered the trial court could not locate the electronic tape recording of the initial hearing held on October 21, 1995. The parties dispute whether an effort was then made to agree on a statement of facts; however, no agreed statement of facts has been presented to this court.

### ARGUMENTS ON APPEAL

In five points of error, the appellant contends that the trial court considered erroneous factors in ordering that neither party pay child support. The appellant also argues that a new trial should be granted based on the loss of a portion of the trial court record. After considering the request to strike appel-lee's brief, we will then consider the points of error regarding the lost trial court record.

### 1. Appellee's Failure to Cite the Record

■ The appellant requests that the appellee's brief be stricken for failure to cite the record. Although appellee's brief did not strictly adhere to the requirements of TEX. R.APP.P. 74, the record was not as voluminous as the records reviewed in the cases cited by appellant. *See Peterson v. Dean Witter Reynolds, Inc.*, 805 S.W.2d 541, 549 (Tex.App.—Dallas 1991, no writ) (1,178 pages contained in statement of facts and 287 exhibits); *Kropp v. Prather*, 526 S.W.2d 283, 288 (Tex.Civ.App.—Tyler 1975, writ ref'd n.r.e.) (800 plus pages). Since we were able to determine the pages to which appellee was referring, we do not find that the appellee's infraction of the rules is cause for striking the appellee's brief. *See General Elec. Credit Corp. v. Gutierrez*, 668 S.W.2d 463, 465–66 (Tex.App.—Corpus Christi 1984, no writ) (finding infraction insufficient to warrant re-briefing).

### 2. Lost Trial Court Recording

■ In appellant's fifth point of error, she contends Medina County was not authorized to make an electronic recording in civil proceedings. The appellant further maintains in her fourth point of error that a new trial should be granted under TEX.R.APP.P. 50(e) because part of the trial court's record has been lost or destroyed.

Rule 50(e) provides that the appellant is entitled to a new trial if (1) a timely request for a statement of facts has been made by the appellant; (2) the court reporter's notes and records have been lost or destroyed without appellant's fault; and (3) the parties do not agree on a statement of facts. TEX. R.APP.P. 50(e). However, a party is only entitled to a full record of evidence when such a record is requested by the judge or a party to a case. TEX.R.APP.P. 11(a)(1). Where testimony is given in the absence of the court reporter, a new trial will not be granted if the appellant failed to object. *Rogers v. CIGNA Ins. Co.*, 881 S.W.2d 177, 181 (Tex.App.—Houston [1st Dist.] 1994, no writ).

In the instant case, the appellant did not object to the use of an electronic recording or the absence of a court reporter. Therefore, the appellant is not entitled to a new trial on this basis.

■ Furthermore, Rule 50(e) does not entitle the appellant to a new trial when the lost portion of the record would not change the outcome of the case. *See Richards v. Suckle,* 871 S.W.2d 239, 243 (Tex.App.—Houston [14th Dist] 1994, no writ). Given the availability of the statement of facts from the second hearing in which the trial court addressed the issues raised in this appeal, it would not appear that the absence of the record from the first hearing would change the outcome of the case.

We overrule appellant's fourth and fifth points of error.

### 3. Denial of Child Support

■ In appellant's first three points of error, she complains the trial court considered erroneous factors in ordering that neither party pay child support. Since each of these points of error relate to the same issue and require the same standard of review, we will consider them together.

#### a. Standard of Review

■ In determining questions of child support, the trial court's primary consideration must always be the best interest of the child. *Clark v. Jamison,* 874 S.W.2d 312, 317 (Tex.App.—Houston [14th Dist.] 1994, no writ). A trial court's child support determination will not be reversed on appeal unless it can be shown that the trial court clearly abused its discretion. *See Worford v. Stamper,* 801 S.W.2d 108, 109 (Tex.1990); *Rocha v. Villarreal,* 766 S.W.2d 895, 898 (Tex.App.—San Antonio 1989, no writ). A court abuses its discretion where it acts arbitrarily and unreasonably, without reference to any guiding rules and principles. *Worford,* 801 S.W.2d at 109. Where the court's decision is supported by evidence of a substantive and probative character, abuse of discretion will not exist. *Holley v. Holley,* 864 S.W.2d 703, 706 (Tex.App.—Houston [1st Dist.] 1993, writ denied).

#### b. Factors Considered by the Trial Court

■ After determining the amount of net resources available to the parties, a three-step process must be followed to set child support pursuant to the guidelines established in the Texas Family Code. *See Salazar v. Attorney General of Texas,* 827 S.W.2d 41, 42 (Tex.App.—Corpus Christi 1992, writ denied). The first step requires a determination of the number of children seeking support in the action before the court. *Id.* Second, the court determines the percentage of net resources to be allocated for the support of those children by applying section 14.055 of the Texas Family Code. *Id.* In the final step of the process, the court must consult section 14.054 of the Texas Family Code to determine whether a variance from the guidelines is justified. *Id.*

In her first point of error, the appellant contends that the trial court improperly included appellee's monthly note payments in the calculation of the appellant's net resources. In the second and third points of error, the appellant maintains that neither the splitting of custody of the children nor the appellee's assumption of additional community debt service were appropriate factors for the court to consider.

■ The Texas Family Code permits the court to render a final determination of support outside the range recommended by the guidelines if other relevant factors justify such a variance. TEX.FAM.CODE ANN. § 14.054 (Vernon Supp.1995). Expressly included in the factors the court must consider in making its final determination are whether either party has the managing conservatorship or actual physical custody of another child and debts or debt service assumed by either party. TEX.FAM.CODE ANN. § 14.054(4), (14) (Vernon Supp.1995). Thus, consideration of the amount of debt service assumed by the appellee and the split custody of the children are expressly authorized by section 14.054. Since the note payments would clearly increase the amount of resources available to the appellant, while decreasing the amount of resources available to the appellee, it cannot be said that consider-

ing the note payment to be a relevant factor is without reference to any guiding rules and principles. Although it is not a factor expressly listed in section 14.054, it is clear that the list is not exclusive and the court may consider any factor it deems relevant. *See Starck v. Nelson,* 878 S.W.2d 302, 306 (Tex. App.—Corpus Christi 1994, no writ).

Therefore, it appears that the trial court followed the procedure set forth in the guidelines under the Texas Family Code by first determining the amount of support payable by each party and then determining whether a variance from the recommended support was justified. Because the trial court followed the guidelines, it did not act arbitrarily and unreasonably. This is true even if this court would have reached a different conclusion. *See Rocha v. Villarreal,* 766 S.W.2d at 898.

We overrule appellant's first three points of error.

#### CONCLUSION

We affirm the trial court's judgment.

LÓPEZ, J., dissents.

LÓPEZ, Justice, dissenting.

I respectfully dissent to the majority opinion in this case.

Although the majority opinion sets out the summary of facts, for purposes of clarification of my dissent, I will reiterate certain facts.

Appellant sued appellee for divorce. The case was initially tried on October 21, 1994, and a letter ruling was issued on October 25, 1994 setting forth the trial court's proposed decree. On November 18, 1994, a second hearing was held in response to the appellant's Motion to Reconsider and Motion to Clarify or Amend Court's Ruling.

The trial court named the parties as joint managing conservators of their two children, and granted each party primary physical custody of one child. The joint managing conservatorship referred to specific decision making powers enumerated in the decree and not to physical custody. Each party was awarded specific visitation with the non-cus-

todial child. As such, each parent does not have an equal amount of time with the non-custodial child even though each is named as a joint managing conservator. The trial court also ordered appellee to pay appellant $20,000, representing one-half the equity value in the homestead awarded to the appellee through a promissory note paid over seven years. The trial court ordered that appellee pay all community debts, but allowed a dollar for dollar reduction on the promissory note for appellant's one-half share of the community debts.

The trial court found that appellant's net resources were $775.00 a month and appellee's net resources were $2,800.00 a month. The court further found that in accordance with Section 14.055 of the Texas Family Code, appellant's child support obligation for B.C.S. would be $155.00 a month and appellee's child support obligation for A.D.S. would be $560.00 a month. However, the court ordered that neither party pay child support. In its written order, the trial court gave three specific reasons for its action. First, each party was granted primary physical custody of one child and would be primarily responsible for the full support of the child. Second, the appellee would have less monthly resources due to his assumption of a greater proportion of the community debt service and the monthly note payments to the appellant. Finally, the appellee would be receiving additional monthly income from the note payments.

#### ARGUMENTS ON APPEAL ADDRESSED BY DISSENT

In appellant's first three points of error, she complains that the trial court considered erroneous factors in ordering that neither party pay child support. Because I agree with these contentions, I dissent to the majority opinion.

The majority opinion correctly states the standard of review. However, it is my opinion that the trial court incorrectly applied the factors to be considered under the standard of review.

In her first point of error, appellant contends that the trial court improperly included appellee's monthly note payments in the calculation of appellant's net resources. Section 14.053(b) of the Texas Family Code provides that note payments are not additional income, but rather a return of principal or capital and not part of net resources. TEX. FAM.CODE § 14.053(b) (Vernon Supp.1995) (currently § 154.062(c)(1) Vernon Supp.1996). Therefore, the court erred in considering the note payments as additional net resources. I would sustain appellant's first point of error.

In her second and third points of error, appellant maintains that neither the split custody of the children nor the appellee's assumption of additional community debt service were appropriate factors for the court to consider.

Section 14.054 of the Family Code provides additional factors that the court may consider in determining child support, including debts or debt service assumed by either party, as well as the number of children each party has physical custody of. TEX.FAM. CODE § 14.054 (Vernon Supp.1995) (currently § 154.123(b)(16) Vernon Supp.1996). However, the best interest of the child shall still be the trial court's primary consideration in determining questions of child support. TEX. FAM.CODE § 14.07(a) (Vernon Supp.1995) (currently § 153.002 Vernon Supp.1996); *Clark v. Jamison*, 874 S.W.2d 312, (Tex. App.—Houston [14th Dist.] 1994, no writ). Furthermore, the Family Code includes a rebuttable presumption that the statutory guidelines set to determine child support are reasonable and in the best interest of the child. TEX.FAM.CODE § 14.055(a) (Vernon Supp.1995) (currently § 154.122(a) Vernon Supp.1996).

Although the trial court cited appellee's debts or debt service as a basis for not requiring him to pay child support, the court apparently did not consider that appellant was also paying her share of the indebtedness by the reduction in the homestead promissory note payments. Debt alone does not excuse a parent's obligation to pay child support. *Cole v. Cole*, 882 S.W.2d 90, 94 (Tex.App.—Houston 14th District, 1994, writ denied). Parents are ordered to pay child support based on their income, or even on their earning potential, not reduced by the debt they have chosen to incur. *See Id.*

Divorces are difficult for all concerned, but especially for the children under the best of circumstances. These siblings, for whatever reason the court decided or the parties agreed to, will be raised in different households. The separation of the siblings is quite sufficient to cause problems and hardships. To add to this, one child is being supported by the father whose available net resources is approximately four times that of the mother who supports the other child. This situation will very likely cause adversity between the children and could be disastrous to their relationship. This decision cannot be labeled "in the best interest of the children," who are the only innocent parties in the divorce.

The trial court failed to take the best interests of these children into account. Therefore, the court did not act with reference to guiding rules and principles, and abused its discretion when it ordered that neither party pay child support. *See Cole*, 882 S.W.2d at 94. I would sustain appellant's second and third points of error.

I would reverse and remand this case to the trial court for further proceedings pursuant to this dissent.