Affirmed in Part and Reversed and Remanded in Part and Memorandum
Opinion filed September 23, 2003













Affirmed in
Part and Reversed and Remanded in Part and Memorandum Opinion filed September 23, 2003.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-02-01256-CV

_______________

 

JOHN H.
TRUEHEART, JR., Appellant

 

V.

 

DENISE L. TRUEHEART, Appellee

_______________________________________________________

 

On Appeal from
the 306th District Court

Galveston County, Texas

Trial Court Cause
No. 01FD2003

_______________________________________________________

 

M E M O R A N D U M   O P I N I O
N

            In this divorce case, John Trueheart appeals a judgment in favor of appellee, Denise Trueheart. 
Specifically, he contends the trial court erred in (1) awarding
appellate attorney’s fees; (2) ordering spousal maintenance; and (3) failing to
order Denise to pay child support.  We
affirm in part and reverse and remand in part. 




 








FACTS

            A trial
court granted a divorce to Denise based on cruel treatment.  It granted primary custody of their
sixteen-year-old son to John.[1]  Denise was granted standard visitation and
was not ordered to pay child support. 
Additionally, the trial court awarded Denise spousal maintenance of
$2,500 per month for three years. 
Lastly, John was ordered to pay Denise $14,000 in attorney’s fees for
trial, $10,000 in the event of appeal to the Court of Appeals, and $5,000 in
the event of appeal to the Supreme Court. 


Appellate Attorney’s Fees

            In appellant’s first point of error,
he contends the trial court erred in awarding appellate attorney’s fees when no
evidence of such fees was presented.[2]  The trial court, in its Conclusions of Law, stated
that “[t]he Court awards attorney’s fees to Petitioner’s attorney, and the
Court took into consideration the awarding of attorney’s fees to Petitioner in
making the Court’s division of the property; so that there would be a fair and
equitable division of the community estate, considering the conditions and
needs of the parties and all the surrounding circumstances.”  

            Generally, a court may award
attorney’s fees in a proceeding to enforce a divorce decree.  Cook v.
Cameron, 733 S.W.2d 137, 141 (Tex. 1987); see McPherren v. McPherren, 967 S.W.2d 485, 492 (Tex. App.—El Paso 1998,
no pet.).  However, evidence must be
presented as to the amount of time an appeal would take or a reasonable hourly
rate.  See Smith v. Smith, 757 S.W.2d 422, 425–26
(Tex. App.—Dallas 1988, writ denied); see
also Eikenhorst v. Eikenhorst,
746 S.W.2d 882, 890 (Tex. App.—Houston [1st Dist.] 1988, no writ).  Here, counsel for appellee did not present
evidence regarding the usual and customary fees for services to be rendered on
appeal.  Instead, appellee argues on
appeal that the court took judicial notice of appellate attorney’s fees.  However, it has been previously held that
“[a] court may not adjudicate the reasonableness of attorney’s fees on judicial
knowledge without the benefit of evidence.” 
Cantu v. Moore, 90 S.W.3d 821,
826 (Tex. App.—San Antonio 2002, pet. denied) (citing Woollett v. Matyastik, 23 S.W.3d 48, 52 (Tex.
App.—Austin 2000, pet. denied)).  Because
there is no evidence of appellate attorney’s fees, the trial court erred in
awarding $10,000 for an appeal to the court of appeals and $5,000 for an appeal
to the Texas Supreme Court.

            Although there is no evidence of a
reasonable and necessary amount for appellate attorney’s fees, it is clear from
the trial court’s conclusion of law that it considered appellate attorney’s
fees of $15,000 in dividing the community estate fairly and equitably.  Where error affects the trial court’s “just
and right” property division, we must reverse and remand the community estate
for a new property division.  Jacobs v. Jacobs, 687 S.W.2d 731, 732–33
(Tex. 1985) (“Once reversible error affecting the ‘just and right’ division of
the community estate is found, the court of appeals must remand the entire
community estate for a new division;” it cannot strike the specific amount
because division of the property is within trial court’s discretion); Jensen v. Jensen, 665 S.W.2d 107, 109
(Tex. 1985); Henry v. Henry, 48 S.W.3d 468, 475
(Tex. App.—Houston [14th Dist.] 2001, no pet.); see Sandone v. Miller-Sandone,
No. 08-02-00433-CV, 2003 WL 21757506, at *3 (Tex. App.—El Paso July 31, 2003,
n. pet. h.) (remanding where there was no evidence of attorney’s fees and no
evidence of community estate’s value); cf.
Zieba v. Martin, 928 S.W.2d 782, 791–92 (Tex.
App.—Houston [14th Dist.] 1996, no writ) (remanding for new division where
judgment awarded $10,000 less in attorney’s fees than the court specifically
found was part of the fair and equitable division of the community estate).  Accordingly, we reverse and remand for a new
division of the property.   




 

Spousal Maintenance

            In John’s second and third issues,[3] he
contends the trial court erred in ordering him to pay spousal maintenance
because Denise failed to establish her “minimum reasonable needs” or that they
could not be met with the amount awarded as her share of the community
estate.  Thus, John focuses his argument
on the more narrow issue of minimum reasonable needs, not the broader issues of
amount and duration of support.  

            We review the granting of
post-divorce spousal maintenance for an abuse of discretion.  Lopez
v. Lopez, 55 S.W.3d 194, 198 (Tex.
App.—Corpus Christi 2001, no pet.); Alexander
v. Alexander, 982 S.W.2d 116, 118 (Tex. App.—Houston [1st Dist.] 1998, no
pet.).  We view the evidence in the light
most favorable to the trial court’s actions and indulge every legal presumption
to favor of the judgment.  In re Marriage of Hale, 975 S.W.2d 694,
697 (Tex. App.—Texarkana 1998, no pet.). 
There is no abuse of discretion if some evidence of a substantive and
probative nature supports the decision.  Dennis v. Smith, 962 S.W.2d 67, 68 (Tex.
App.—Houston [1st Dist.] 1997, pet. denied). 


            The trial court may award spousal
maintenance in limited circumstances.  See Tex.
Fam. Code Ann. § 8.051 (Vernon Supp. 2003); Pickens v. Pickens, 62 S.W.3d 212,
214-15 (Tex. App.—Dallas 2001, pet. denied). 
In marriages lasting ten years or more, a spouse is eligible to seek
spousal maintenance if the spouse lacks sufficient property to meet minimum
reasonable needs and cannot support himself or herself due to (1) an
incapacitating physical or mental disability, (2) a child in the home with a
disability requiring substantial care and supervision, or (3) the lack of
adequate earning ability.  Tex. Fam. Code Ann.
§ 8.051(2) (Vernon Supp.
2003).  




 

A.  Evidence of Minimum Reasonable Needs

            The term “minimum reasonable needs”
is not defined in the Family Code, nor are there cases defining the term.  Hale,
975 S.W.2d at 698.  “Deciding what the
minimum reasonable needs are for a particular individual is a fact-specific
determination that should be made by the trial court on a case-by-case
basis.”  Amos v. Amos, 79 S.W.3d 747, 749 (Tex.
App.—Corpus Christi 2002, no pet.).  John
suggests that minimum reasonable needs must be proved by an itemized dollar
amount of monthly expenses, citing Morris
v. Morris, No. 07-99-0518-CV, 2001 WL 257809 (Tex. App.—Amarillo Mar. 15,
2001, no pet.) (not designated for publication).  While a list of expenses is helpful, see Limbaugh v. Limbaugh, 71 S.W.3d 1,
14 (Tex. App.—Waco 2002, no pet.), there is no authority that only such a list
suffices as evidence of minimum reasonable needs.  See
Amos, 79 S.W.3d at 750 (evidence of minimal reasonable needs included
wife’s abilities, education, mortgage concerns, and business opportunities). 

            Here, we have no itemization of
Denise’s monthly expenses in evidence. 
However, the evidence reveals that Denise is a 48-year-old housewife
with a high school diploma and no job skills. 
She has not been employed outside the home in the last 21 years.  She has no typing or computer skills, and
assessments at a local college reveal that she needs remedial math.  She enrolled in remedial math courses at the
college.  She is trying to hone her
typing skills by using a computer program at home.  Apparently, the local college seldom offers
lower skill level computer classes due to lack of demand.  Further, Denise’s educational training is
impeded by the strict and late hours she works in her entry-level position for
Southwest Airlines.  See Alexander v. Alexander, 982 S.W.2d 116, 118 (Tex. App.—Houston
[1st Dist.] 1998, no pet.) (working full time interfered with wife’s ability to
attend college).  Denise testified that
it will take her at least three years to complete education requirements
necessary to obtain and retain employment with salary potential higher than her
current remuneration. 

            The evidence further reveals that
Denise previously failed the training program at Southwest Airlines for lack of
job skills.  At the time of trial, she
was working on a six-month probationary period with Southwest, but had received
“unsatisfactory” reviews.  She was making
$8.50 an hour, which, if she manages to keep her job and work full time, might
accrue in an annual salary of $17,680. 
However, such a minimal salary does not support a conclusion that her
minimum reasonable needs have been met.  Cf. Hale, 975 S.W.2d at 698 (rejecting
proposition that minimum wage is adequate to meet minimum reasonable needs in
every case).  Nor does a spouse’s mere
employment preclude an award of spousal maintenance.  Id.

            Moreover, Denise testified that the
rent for her one-bedroom apartment is expensive in relation to her earning
capacity.  She contends that she will
never again own a home because she could not afford the property taxes.  Although she and John owned a dog when
married, she cannot afford a pet deposit at her apartment.  Additionally, Denise testified that she
cannot afford the monthly payments if it becomes necessary to replace her 1998
pick-up truck.  She shops for her clothes
at resale shops and cuts her own hair.

            Further, the court found that Denise
needs continued professional mental health counseling.  The trial court concluded that Denise “was
traumatized by [John’s] mental cruelty.” 
The evidence reveals that when Denise left her marriage, she feared for
her safety.  She was “beaten down” and
“scared to death” by John’s sexual requirements of her, alcohol abuse, and
controlling behavior that left her socially reclusive.  This evidence supports the conclusion that
she could not afford necessary treatment without spousal maintenance.  Additionally, as in Hale, the evidence of Denise’s needs does “not include other
essential needs that everyone has, such as her portion of health premiums,
uncovered medical expenses, drugs and medicines, and the like.”  975 S.W.2d at 698.

            Finally, the case-specific nature of
the criteria for determination of “minimum reasonable needs” would allow a
trial court to determine needs with reference to the spouse’s activities during
marriage.  For instance, during Denise’s
marriage, one of her main activities was woodworking.  She made several pieces of furniture, including
a kitchen hutch, bedside tables, and bunk beds, for their homes.  However, the minimal space in Denise’s
current apartment is not sufficient for her to keep most of her tools or
perform such woodworking projects.  

            For all the reasons stated above, we
find there is some evidence sufficient for the trial court to determine Denise’s
minimum reasonable needs.  

B.  Consideration of Community Assets

            Next, John argues that the trial
court did not consider whether the $290,000 of community property awarded to
Denise meets her minimal reasonable needs. 
John, however, fails to mention that almost half the community assets
awarded to Denise are not easily liquidated, such as life insurance policies
held on their sons, or cannot be liquidated without significant penalty, such
as individual retirement accounts.  The
purpose of spousal maintenance is to provide temporary and rehabilitative support for a spouse whose ability for
self-support has deteriorated over time while engaged in homemaking activities
and whose capital assets are insufficient to provide support.  O’Carolan v. Hopper,
71 S.W.3d 529, 533 (Tex. App.—Austin, 2002 no
pet.).  In considering assets awarded in
the divorce, the law does not require a spouse to spend down long-term assets,
liquidate all available assets, or incur new debt simply to obtain job skills
and meet needs in the short term.  See Limbaugh, 71 S.W.3d at 15 (no new
debt to meet monthly needs); Alaghehband v. Abolbaghaei, No. 03-02-00445-CV, 2003 WL 1986777 at *5
(Tex. App.—Austin May 1, 2003, no pet.) (many assets were
not liquid or short-term); see also Amos,
79 S.W.3d at 749–50 (tax-deferred community assets awarded to wife were
unavailable to meet her needs); see, e.g.,
Langenbeck v. Langenbeck,
No. 05-99-00801-CV, 2001 WL 51075 , at *5–6 (Tex. App.—Dallas 2001, no pet.)
(not designated for publication) (award of costly home, which was bulk of
community estate, to wife did not preclude spousal maintenance of $1,800 a
month).  Further, the evidence shows that
the income generating potential of Denise’s community assets is minimal.  

            We hold the trial court did not
abuse its discretion in finding that Denise lacked sufficient assets, including
property and sums awarded in the decree, to meet her minimal reasonable
needs.  Accordingly, we overrule issues
two and three.

Child Support

            In John’s last issue, he contends
the trial court erred in failing to order Denise to pay child support.  He relies on the presumption under the Family
Code that child support must be ordered according to standard guidelines.  We review a trial court’s ruling on child
support for a clear abuse of discretion. 
Worford v. Stamper, 801 S.W.2d 108, 109 (Tex.
1990).  The test for abuse of discretion
is whether the act was arbitrary or unreasonable.  Id.

            A court may order an amount of
support above or below the standard guidelines if the evidence rebuts the
presumption that application of the guidelines is in the child’s best interest
and the evidence justifies a variance.  Tex. Fam. Code Ann.
§ 154.123(a) (Vernon Supp.
2003).  In determining whether
application of the guidelines would be unjust or inappropriate, the court
considers many factors, including: 

• the ages and needs of the children; 

• the ability of the parents to contribute to the support of the
children; 

• any financial resources available for the support of the children; 

• the amount of time of possession of and access to the children; 

• the amount of the obligee’s net resources,
including earning potential; 

• whether either party has the managing conservatorship
or actual physical custody of another child; 

• the amount of alimony or spousal maintenance actually and currently
being paid or received by a party; 

• special or extraordinary educational, health care, or other expenses
of the parties or of the children; 

• any other reason
consistent with the best interest of the children, taking into consideration
the circumstances of the parents.

Tex. Fam. Code Ann. §
154.123(b) (Vernon Supp.
2003).

            In the instant case, John has
primary custody of their sixteen-year-old son. 
There is evidence that John manipulated their son and engaged in conduct
that alienated him from his mother.  The
child is extremely upset by the divorce and, by his own wishes, does not want
to see Denise anymore.  Denise is fearful
of her son and has only seen him a few times since separating from John.  Denise makes only $8.50 per hour and is
currently on probationary status at her job. 
Although she has no steady income, she provides health insurance for the
child.  Denise has special educational
and health needs: she needs job skill training and mental heath counseling to
take better care of herself.  In fact,
she was awarded spousal maintenance for the same reasons.  Consequently, we find that there was some
probative and substantive evidence to support the court’s variance from the
child support guidelines.  See Dennis v. Smith, 962 S.W.2d 67, 72
(Tex. App.—Houston [1st Dist.] 1997, pet. denied); Sanchez v. Sanchez, 915 S.W.2d 99, 102–03 (Tex. App.—San Antonio
1996, no writ).  Therefore, we overrule
John’s final point of error.  

            The judgment of the trial court is
affirmed in part and reversed and remanded in part for proceedings consistent
with this opinion.

 

                                                                                    

                                                                        /s/        Charles W. Seymore

                                                                                    Justice

 

Judgment
rendered and Memorandum Opinion filed September 23, 2003.

Panel
consists of Justices Anderson, Seymore, and Guzman.

 

 











            [1]  The two other children of the marriage are over age
eighteen.





            [2]  Appellant also argues that the unconditional award of
appellate attorney’s fees is improper; however, we need not address this issue
based on our disposition of the first sub-issue.  





            [3]  In his third issue, John seeks repayment of spousal
maintenance should we sustain issue two.