*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*


# MEMORANDUM OPINION

No. 04-07-00739-CV

Jeffery **PERRY**, Deborah Perry, Endurastone, Ltd., Endurafiber Management, LLC.,
Endura Management, LLC., JD Mac & Associates, L.P., and Perry Family Management, LLC.,
Appellants

v.

Michael **DOHERTY**, Shirley Doherty, Debra Doherty, and Michelle J. Noel,
Appellees

From the 166th Judicial District Court, Bexar County, Texas
Trial Court No. 2007-CI-12167
Honorable Michael Peden, Judge Presiding

Opinion by:     Sandee Bryan Marion, Justice

Sitting:        Sandee Bryan Marion, Justice
                Rebecca Simmons, Justice
                Marialyn Barnard, Justice

Delivered and Filed:  March 4, 2009

AFFIRMED

Appellees Michael Doherty, Shirley Doherty, Debra Doherty, and Michelle J. Noel
(collectively "Doherty") sued appellants Jeffery Perry, Deborah Perry, Endurastone, Ltd.,
Endurafiber Management, LLC., Endura Management, LLC., JD Mac & Associates, L.P., and Perry
Family Management, LLC. (collectively "Perry") for damages sustained when Doherty invested in
Perry's business.  Perry did not answer, and a default judgment was entered in favor of Doherty.

After the default, Perry timely filed a motion for new trial, however, no hearing was held on the motion, and it was overruled by operation of law. Perry now appeals the granting of the default judgment and the denial of his motion for new trial. Because Perry has not established the elements needed to set aside a default judgment, we affirm the trial court's judgment.

## STANDARD OF REVIEW

We review a trial court's denial of a motion for new trial after a no-answer default judgment for abuse of discretion. *In re R.R.*, 209 S.W.3d 112, 114 (Tex. 2006) (per curiam). If a defendant was properly served with process, in order to be granted a new trial after a no-answer default judgment, he must prove the following three elements: (1) his failure to answer or appear was not intentional or the result of conscious indifference; (2) he has a meritorious defense; and (3) the granting of a new trial will not operate to cause delay or other injury to the plaintiff. *Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 126 (Tex. 1939). If a defendant was not properly served with process, he is generally entitled to a new trial without any further showing. *Fid. & Guar. Ins. Co. v. Drewery Constr. Co., Inc.*, 186 S.W.3d 571, 574 (Tex. 2006) (per curiam).

## DISCUSSION

### A. Service of Process

In his first issue on appeal, Perry argues the trial court erred by granting a default judgment because there was no documentation in the record establishing service of process. Specifically, Perry states: "In the case at bar, there is nothing to indicate in the record that a citation was issued for any defendant, much less that service was properly made. There is no return of service as to any defendant contained in the file." However, the record contains a citation return from every named

defendant in the case. The returns meet all the requirements of Texas Rule of Civil Procedure 107 and were filed with the district clerk more than a month before the default judgment was granted. Therefore, Perry's argument is without merit.

**B. Statute of Limitations**

In his second issue on appeal, Perry argues the trial court erred by granting a default judgment because the statute of limitations had expired on Doherty's causes of action. However, unless the defense of limitations is specifically raised, a plaintiff will be able to bring suit and recover. *See* TEX. R. CIV. P. 94. In the present case, Perry did not file any response to the suit filed against him; nor did he raise limitations in his motion for new trial. As Perry failed to plead that Doherty's claims were barred by limitations, he is precluded from raising the issue for the first time on appeal.

**C. *Craddock* Test**

Although Perry argues he satisfied all three *Craddock* requirements, we conclude his failure to set up a meritorious defense is dispositive. To set up a meritorious defense in a motion for new trial, the movant must "allege facts which in law would constitute a defense to the cause of action asserted by the plaintiff, and must be supported by affidavits or other evidence proving prima facie that the defendant has such [a] meritorious defense." *Ivy v. Carrell*, 407 S.W.2d 212, 214 (Tex. 1966).

In his motion for new trial, Perry alleged, with no supportive factual allegations, that "the plaintiff's claim is barred because of fraud, ambiguity, and, injuries incurred as a result of the acts of a third party, namely Scott Noel." Affidavits from appellants Jeffery C. Perry and Deborah S. Perry were filed in support of the motion for new trial, however, neither affidavit alleged any facts

that would constitute a defense to the causes of action asserted by Doherty. Instead, the affidavits merely repeated the same assertion of a meritorious defense contained in the motion for a new trial. After reviewing the record, we conclude the trial court did not abuse its discretion in overruling the motion for new trial because Perry failed to set up a meritorious defense.[1]

## D. Appellate Record

In his final issue on appeal, Perry claims the trial court erred by allowing Doherty's trial attorney to withdraw exhibits from the record. He contends there is no way to determine if the record on appeal accurately reflects the exhibits that were introduced at the default hearing. As a result, Perry asserts this court should abate the appeal and grant him a new trial pursuant to Texas Rule of Appellate Procedure 34.6 (providing for abatement and new trial if reporter's record is inaccurate, lost, or destroyed).

Our examination of the record reveals that the reporter's record and the clerk's record both contain similar but not identical exhibits. Even if we assume Rule 34.6 applies in this case, the rule does not entitle the appellant to a new trial when the inaccurate portion of the record would not change the outcome of the case. TEX. R. APP. P. 34.6(f)(3); *Sanchez v. Sanchez*, 915 S.W.2d 99, 102 (Tex. App.—San Antonio 1996, no writ). Here, none of the exhibits in question are relevant to the issue of setting up a meritorious defense, an issue we believe is dispositive. Accordingly, a new trial is not required because the exhibits in question do not change the outcome on appeal. *See Richards v. Suckle*, 871 S.W.2d 239, 243 (Tex. App.—Houston [14th Dist.] 1994, no writ).

---

[1] On appeal, Perry claims the exhibits presented to the trial court during the default judgment hearing were not properly executed and "[t]his fact alone sets up a valid defense on the part of the Appellants." However, this argument was not presented to the trial court in his motion for new trial, and therefore, cannot be considered for the first time on appeal.

## CONCLUSION

We overrule Perry's issues on appeal and affirm the trial court's judgment.


Sandee Bryan Marion, Justice