**In the Matter of the MARRIAGE OF Tara Undheim HALE and Steve Lamar Hale, and in the Interest of Brandy L. Hale and Sara S. Hale, Minor Children.**

No. 06–98–00013–CV.

Court of Appeals of Texas, Texarkana.

Submitted July 16, 1998.

Decided July 31, 1998.

Edwin E. Buckner, Jr., Law Offices of
Edwin E. Buckner, Jr., Marshall, for appel-
lant.

James H. Verschoyle, Charles Thompson,
Atlanta, for appellee.

Before CORNELIUS, C.J., and GRANT
and ROSS, JJ.

## OPINION

CORNELIUS, Chief Justice.

Steve Hale appeals from a divorce decree
that directs him to pay his ex-wife, Tara
Hale, post-divorce spousal maintenance for
three years at a rate of $300.00 per month.
Mr. Hale contends that the evidence is legal-
ly and factually insufficient to support the
court's award of spousal maintenance and
that the trial court abused its discretion by
making such an award.

The parties were married on January 11,
1985. They have two minor children. The
court found that the parties should be ap-
pointed joint managing conservators, with
each parent establishing the primary resi-
dence of one child. Mrs. Hale was fifteen
years of age when she married, and she did
not return to school. During the marriage
she got several jobs, but was unable to keep
the jobs because Mr. Hale insisted that she
quit work. Mrs. Hale testified that her hus-
band was a controlling personality to the
point of obsession.

The court found that Mr. Hale earned over
$36,000.00 as a logger during the year pre-
ceding the divorce. The court found that
Mrs. Hale earned $867.00 per month. The
court ordered Mr. Hale to pay $175.00 per
month as child support. The decree ordered
Mrs. Hale to provide and pay for health
insurance, and directed Mr. Hale to pay her
seventy-five percent of the monthly health
insurance premium. Mrs. Hale was awarded
a 1985 pickup truck with the attendant debt,
a horse with its underlying $4,500.00 debt,
together with some furniture and household
goods. Mr. Hale received his 1995 truck
with its debt and other furniture and house-
hold goods. He continues to live in the
house that they built on his father's property
while they were married.

The evidence shows that Mrs. Hale is now
attending night school seeking to obtain a
G.E.D., and that she has been employed with

a local company during most of the one-year separation from her husband.

The court found that Mr. Hale had engaged in violence toward his wife, that the marriage existed for over ten years, and that Mrs. Hale lacked sufficient property, "including property distributed to her under this decree, to provide for her minimum reasonable needs and that she clearly lacks earning ability in the labor market adequate to provide support for her minimum reasonable needs."

The court also found that Mrs. Hale has little education or employment skills, that the parties made excessive expenditures of $22,000.00 when they built a home on property owned by Mr. Hale's father, and that Mrs. Hale would receive no benefit from that expenditure.

The spousal maintenance statutes provide in part:

### § 8.002. Eligibility for Maintenance

In a suit for dissolution of a marriage or in a proceeding for maintenance in a court with personal jurisdiction over both former spouses following the dissolution of their marriage by a court that lacked personal jurisdiction over an absent spouse, the court may order maintenance for either spouse only if:

(1) the spouse from whom maintenance is requested was convicted of or received deferred adjudication for a criminal offense that also constitutes an act of family violence under Chapter 71 and the offense occurred:

(A) within two years before the date on which a suit for dissolution of the marriage is filed; or

(B) while the suit is pending; or

(2) the duration of the marriage was 10 years or longer, the spouse seeking maintenance lacks sufficient property, including property distributed to the spouse under this code, to provide for the spouse's minimum reasonable needs, as limited by Section 8.005, and the spouse seeking maintenance:

(A) is unable to support himself or herself through appropriate employment because of an incapacitating physical or mental disability;

(B) is the custodian of a child who requires substantial care and personal supervision because a physical or mental disability makes it necessary, taking into consideration the needs of the child, that the spouse not be employed outside the home; or

(C) clearly lacks earning ability in the labor market adequate to provide support for the spouse's minimum reasonable needs, as limited by Section 8.005.

### § 8.003. Factors in Determining Maintenance

A court that determines that a spouse is eligible to receive maintenance under this chapter shall determine the nature, amount, duration, and manner of periodic payments by considering all relevant factors, including:

(1) the financial resources of the spouse seeking maintenance, including the community and separate property and liabilities apportioned to that spouse in the dissolution proceeding, and that spouse's ability to meet the spouse's needs independently;

(2) the education and employment skills of the spouses, the time necessary to acquire sufficient education or training to enable the spouse seeking maintenance to find appropriate employment, the availability of that education or training, and the feasibility of that education or training;

(3) the duration of the marriage;

(4) the age, employment history, earning ability, and physical and emotional condition of the spouse seeking maintenance;

(5) the ability of the spouse from whom maintenance is requested to meet that spouse's personal needs and to provide periodic child support payments, if applicable, while meeting the personal needs of the spouse seeking maintenance;

(6) acts by either spouse resulting in excessive or abnormal expenditures or destruction, concealment, or fraudulent disposition of community property, joint tenancy, or other property held in common;

(7) the comparative financial resources of the spouses, including medical, retire-

ment, insurance, or other benefits, and the separate property of each spouse;

(8) the contribution by one spouse to the education, training, or increased earning power of the other spouse;

(9) the property brought to the marriage by either spouse;

(10) the contribution of a spouse as homemaker;

(11) marital misconduct of the spouse seeking maintenance; and

(12) the efforts of the spouse seeking maintenance to pursue available employment counseling as provided by Chapter 304, Labor Code.

§ 8.004. Presumption

(a) Except as provided by Subsection (b), it is presumed that maintenance is not warranted unless the spouse seeking maintenance has exercised diligence in:

(1) seeking suitable employment; or

(2) developing the necessary skills to become self-supporting during a period of separation and during the time the suit for dissolution of the marriage is pending.

(b) This section does not apply to a spouse who is not able to satisfy the presumption in Subsection (a) because of an incapacitating physical or mental disability.

TEX. FAM.CODE ANN. §§ 8.002, 8.003, 8.004 (Vernon Pamph.1998).

We first consider what standard of review we should use for this kind of appeal. The statute does not specify the proper standard of review. An order for spousal maintenance is similar to an award of child support, where the standard of review is abuse of discretion, so we will use that standard here.[1] In mak-

ing an abuse of discretion review in a child support context, we have held that factual and legal insufficiency of the evidence are part of the abuse of discretion review and are not independent grounds for reversal. *In re Marriage of Driver*, 895 S.W.2d 875, 877 (Tex.App.-Texarkana 1995, no writ). A review of the sufficiency of the evidence is subsumed into the review for abuse of discretion.

■■■ A trial court's award of child support will not be reversed unless an abuse of discretion is shown. *Gillespie v. Gillespie*, 644 S.W.2d 449, 451 (Tex.1982); *In re Hidalgo*, 938 S.W.2d 492, 498 (Tex.App.-Texarkana 1996, no writ). Thus, we will reverse only if the court abused its discretion by acting without reference to any guiding rules or principles or by acting arbitrarily or unreasonably. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex.1990). There is no abuse of discretion if some evidence supports the decision. *Dennis v. Smith*, 962 S.W.2d 67, 68 (Tex.App.-Houston [1st Dist.] 1997, writ denied); *Holley v. Holley*, 864 S.W.2d 703, 706 (Tex.App.-Houston [1st Dist.] 1993, writ denied).

■■■ We view the evidence in the light most favorable to the trial court's actions and indulge every legal presumption in favor of the judgment. If there is some probative and substantive evidence to support the judgment, the trial court did not abuse its discretion. *DuBois v. DuBois*, 956 S.W.2d 607, 610 (Tex.App.-Tyler 1997, no writ).[2]

■■■ There is evidence that Mrs. Hale was only fifteen when she married, that she did not graduate from high school, and that her husband hindered her efforts to complete her education or find employment outside the

1. This type of review was also applied in *DuBois v. DuBois*, 956 S.W.2d 607, 612 (Tex.App.-Tyler 1997, no writ).

2. Findings of fact in a case tried to the court have the same force and dignity as a jury's verdict. *Anderson v. City of Seven Points*, 806 S.W.2d 791, 794 (Tex.1991). In reviewing a no evidence point of error, we consider only the evidence and inferences that, when viewed in their most favorable light, tend to support the finding and disregard all evidence and inferences to the contrary. *Davis v. City of San Antonio*, 752 S.W.2d 518, 522 (Tex.1988). In reviewing

the factual sufficiency of the evidence, we examine all of the evidence. *Plas–Tex, Inc. v. U.S. Steel Corp.*, 772 S.W.2d 442, 445 (Tex.1989). The finding will be set aside only if the evidence, standing alone, is too weak to support the finding or the finding is so against the great weight and preponderance of the evidence that it is clearly wrong and manifestly unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex.1986); *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660, 661 (1951); *In re Pecht*, 874 S.W.2d 797, 800 (Tex.App.-Texarkana 1994, no writ).

home. There is evidence that a substantial part of the family's estate went into building a house on Mr. Hale's father's property, in which they had no ownership interest. There is evidence that Mrs. Hale had sought and obtained employment, that she was making a set amount of money each month, and that the money she earned was insufficient to meet her needs. She had no rental/mortgage payment because she was living in a house that belonged to her mother, but even then she was unable to earn sufficient money to meet her minimum reasonable needs. Her mother testified that she was providing money to help Mrs. Hale meet her expenses. Mrs. Hale's Exhibit 4 set out her expenses as follows:

| | | |
|---|---|---|
| Groceries & Household Supplies | 220 | |
| Utilities | 120 | |
| Auto Payment | 143 | |
| Gas | 120 | |
| Auto Insurance | 35 | |
| School Lunches | 20 | |
| Credit Union | 63 | |
| Credit Cards | 130 | |
| | $851 | [Leaving $24.00 per month for all other expenses] |

The schedule of expenses, however, is just a generalized list and does not include other essential needs that everyone has, such as her portion of health premiums, uncovered medical expenses, drugs and medicines, clothing, and the like.

Viewing all these circumstances, and especially considering Mrs. Hale's uncertain and very limited earning capacity, we cannot conclude that the trial court abused its discretion in awarding spousal maintenance.

Mr. Hale contends that the spousal maintenance statute presumes that if a person finds gainful employment, an order for maintenance is improper. Although the statute does not contain such language, he suggests that because the statute was linked to a welfare bill, the simple fact that Mrs. Hale is employed precludes an award of spousal maintenance. We have not been provided with any authority to support this position, and it is not supported by the express language of the statute. In the absence of some clear indication that the Legislature intended that result, we will not make such a presumption.

Mr. Hale also contends that, as a matter of law, a person who earns a net wage of $865.00 per month has sufficient income to provide for her reasonable minimum needs. He points out that Mrs. Hale will be receiving child support, so her income will be raised from that source, and he suggests that the credit card bills are not appropriate for consideration. He also argues that the federal minimum wage statute sets as a matter of law the wage necessary to meet minimum reasonable needs. We disagree.

The term "minimum reasonable needs" is not defined by statute, and there appear to be no cases defining the term. Deciding what the minimum reasonable need is for a particular individual or family is a fact-specific determination that ordinarily should be made by the trial court. Mr. Hale argues that a credit card bill is not a "need," but credit cards are realities of modern life and are often used to provide family "needs" or to preserve property when savings or current income are insufficient to do so.

We cannot accept the proposition that the federal minimum wage statute, as a matter of law, dictates what amount will provide the "minimum reasonable needs" of an individual or family. Indeed, it is common knowledge that the minimum wage, standing alone, is usually inadequate to support a family. We are unwilling to hold that the minimum wage is adequate in every case.

■ In a separate argument, Mr. Hale states that the maintenance award is improper because the Family Code prohibits maintenance if the recipient cohabits with another person in a permanent place of abode on a continuing conjugal basis, and that Mrs. Hale now lives with a man to whom she is not married. Tex. Fam.Code Ann. § 8.007 (Vernon Pamph.1998). Hale has not, however, directed us to any evidence that this allegation is true.[3] In the absence of any evidence to support this assertion, we cannot find that the trial court erroneously applied the law.

■ Although he has no point of error on this issue, Mr. Hale also argues very briefly that the maintenance statute is unconstitu-

---

3. Further, in her brief Mrs. Hale explicitly denies that this is correct.

tional because it constitutes a taking without due course of law, citing *Eggemeyer v. Eggemeyer,* 554 S.W.2d 137, 140 (Tex.1977). Mr. Hale did not raise the constitutional argument in the trial court, so he has waived that issue on appeal.

The judgment of the trial court is affirmed.