NUMBER 13-00-648-CV

 

                              COURT OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                       CORPUS CHRISTI
B
EDINBURG

 

 

EDWARD
HENRY AMOS,                                                         
     Appellant,

 

                                                   v.

 

KAREN
LYNN AMOS,                                                                     Appellee.

 

                                                                                                         

                         On appeal from the
300th District Court

                                  of Brazoria
County, Texas.

 

                                                                                                         

                                    O P I N I
O N

 

         Before Chief Justice Valdez
and Justices Hinojosa and Castillo 

                              Opinion
by Chief Justice Valdez








Edward Amos, the appellant, appeals the trial court=s awarding of
spousal maintenance in a divorce.   We
read appellant=s brief to
raise three issues on appeal:[1]
whether the trial court erred in awarding spousal maintenance, whether the
trial court erred in awarding maintenance for the maximum three years, and
whether the trial court erred in awarding the maximum amount.  We affirm.

Background

Karen and Edward Amos were married in 1989 and they separated
in May 1999.  They had two children
during their marriage and both parents reached an agreement to be joint
managing conservators of their children with Karen Amos having primary
possession and Edward Amos having visitation rights.  Edward Amos agreed to pay child support per
guidelines based on his income.  The
parties did not reach an agreement on spousal maintenance nor on the precise amount
of child support.  At a bench trial the
judge heard testimony from both parties. 
Thereafter the judge ordered Edward Amos to pay child support of
$1,145.00 per month and $1,257.60 per month in spousal maintenance for the
maximum three years. It is from that order requiring appellant to pay spousal
maintenance that this appeal ensues.

 

 

 








Spousal Maintenance

The appellant argues that the court abused its discretion in
not only finding that the appellee was eligible for
spousal maintenance, but also by awarding maintenance for three years and for
the maximum amount.

We review the trial court=s decision to
award spousal maintenance under an abuse of discretion standard.  Alexander v. Alexander, 982 S.W.2d
116, 119 (Tex. App.BHouston [1st
Dist.] 1998, no pet.).  The trial court
abuses its discretion when it acts arbitrarily or unreasonable, or without any
reference to guiding rules and principles. 
See E.I. du Pont de Nemours & Co. v.
Robinson, 923 S.W.2d 549, 558 (Tex. 1995). 
The trial court does not abuse its discretion if there is some evidence
of a substantive and probative character to support the decision or if
reasonable minds could differ as to the result.  In re Bertram, 981 S.W.2d 820, 826-27
(Tex. App.BTexarkana 1998,
no pet.).  Absent a clear abuse of
discretion, we do not disturb the trial court=s decision to award spousal
maintenance.  In re Hale, 975
S.W.2d 694, 698 (Tex. App.BTexarkana 1998,
no pet.).  Deciding what the minimum
reasonable needs are for a particular individual is a fact-specific
determination that should be made by the trial court on a case-by-case basis.  Id.             

Section 8.051 of the family code provides that a trial court
may order spousal maintenance if:

the duration of
the marriage was 10 years or longer, the spouse seeking maintenance lacks
sufficient property, including property distributed to the spouse under this
code, to provide for the spouse=s minimum
reasonable needs . . . and is unable to support himself or herself through
appropriate employment because of an incapacitating physical or mental
disability . . . or clearly lacks earning ability in the labor market to
provide support for the spouse=s minimum
reasonable needs, as limited by Section 8.054.

 








Tex. Fam. Code. Ann. ' 8.051 (Vernon Supp. 2002)

The trial court filed findings of fact and conclusions of
law.  Findings of fact in a case tried to
the court have the same force and dignity as a jury=s verdict.  Anderson v. City of Seven Points, 806
S.W.2d 791, 794 (Tex. 1991).  The trial
court=s findings of
fact which are relevant to the issue of spousal maintenance are:

(1)             
[sic] Karen
Lynne Amos and Edward Henry Amos were married on January 21st, 1989 and have
been married in excess of 10 years;

 

(2)             
Karen Lynne
Amos has the primary care of Joshua Aaron Amos, 8 years old, and Rachael Marie
Amos, 7 years old;

 

(3)             
Karen Lynne
Amos does not have sufficient skills, property, and income to meet her minimum
reasonable needs;

 

(4)             
Karen Lynne
Amos has physical limitations associated with her use of her right arm as a
result of prior injuries that, when coupled with her lack of training and
absence from the work place, render her unable to adequately support herself
through appropriate employment;

 

(5)             
Karen Lynn
Amos lacks the earning ability in the labor market adequate to provide support
for the spouse=[s] minimum reasonable needs;

 

(6)             
Karen Lynne
Amos does not own separate property of any significant value;

 

(7)             
Because of the
kind and character of the assets available to Karen Lynne Amos as a result of
the tax deferred community property (more specifically the heavy penalties,
interest and taxes associated with the withdrawal and use of funds), the
property available to her is not sufficient to allow her to meet her needs
independently;

 

(8)             
Karen Lynne
Amos=[s]
education and employment skills are not significantly developed due to her long
absence from the work place while tending to her small children;

 








(9)             
Substantial
education or training will be required to return Karen Lynne Amos to the work
place and, due to her current circumstances (need to earn income, limited
access[sic] to resources that will not be heavily taxed, her physical
impairment and her need to care for two small children) it will be very
difficult for her to secure the necessary training, education or skills;

 

(10)        
The marriage
has been of a long duration;

 

(11)        
Karen Lynne
Amos is 38 years old, has limited work experience, very little of the
experience is recent, she has limited earning ability, and is impaired
physically . . .

 

Appellant=s first issue argues that the trial court abused
its discretion in awarding spousal maintenance because there was Ano testimony@ as to Karen Amos=s Areasonable minimum needs.@ 

The testimony at
trial established that Karen and Edward Amos had been married for more than ten
years.  Regarding her ability to work,
Karen Amos testified that she could not return to her normal employment because
she had developed a severe case of carpal tunnel syndrome and had to undergo
several surgeries.  As such, her physical
disability prevented her from going back to her previous employment as a secretary.  Despite her disability, she ran an embroidery
business from home.  This type of
business provided her an avenue to work and allowed her to Atake breaks@ when she needed to.  At trial, exhibit 27 was introduced during
Karen Amos=s
testimony.  This exhibit showed what
costs and revenue she would incur were she to maintain her current home
business or if she were to take a job paying minimum wage or ten dollars an
hour.  Transportation, clothing, and
child care were taken into account in these costs.  Testimony was also presented concerning Ms.
Amos=s
difficulty in meeting her monthly mortgage payments.








After reviewing
the evidence presented, we find that the record contains evidence of the appellee=s abilities, education, mortgage concerns, and
business opportunities.  Based on this
evidence we hold that the trial court could properly determine the appellee=s reasonable minimum needs.  Accordingly, we hold that the trial court did
not abuse its discretion in awarding spousal maintenance and we overrule
appellant=s
first issue on appeal.

Appellant argues
in his second issue that the trial court abused its discretion because the
spousal maintenance award was for three years. 
His primary contention is that there was no evidence of the appellee=s needs.  

The Texas Family
Code limits the duration of a maintenance order to the Ashortest reasonable period that allows the spouse
seeking maintenance to meet the spouse=s minimum reasonable needs@ by obtaining appropriate employment or developing
an appropriate skill Aunless the ability of the spouse to provide for the
spouse=s minimum
reasonable needs through employment is substantially or totally diminished
because of: (A) physical or mental disability; (B) duties as the custodian of
an infant or young child; or (C) another compelling impediment to gainful
employment.@  Tex.
Fam. Code Ann. ' 8.054 (Vernon Supp. 2002).  Moreover, the family code states Athat a court may not order maintenance that remains
in effect for more than three years after the date of the order.@  Id. 

During trial,
Karen Amos testified that she could not return to her normal employment because
she developed a severe case of carpal tunnel syndrome and had to undergo
several surgeries.  This disability
prevented her from going back to her previous employment as a secretary.   








The trial court
found that Karen Amos maintains the primary care of the minor children.  The court further found that she lacks
sufficient skills, property, and income to meet her minimum reasonable
needs.  Moreover, the court found that AKaren Lynne Amos has physical limitations
associated with the use of her right arm as a result of prior injuries that,
when coupled with her lack of training and absence from the work place, render
her unable to adequately support herself through appropriate employment.@

After reviewing the evidence presented we find that the record
contains evidence to support the trial court=s awarding of spousal maintenance for the
maximum allowable period of three years. 
See Tex. Fam. Code Ann.  ' 8.054 (Vernon
Supp. 2002).  As such, we hold that the
trial court did not abuse its discretion because there is some evidence of a
substantive and probative character to support the decision.  In re Bertram, 981 S.W.2d at 826-27. 

          Appellant=s second issue
on appeal is overruled.

Appellant=s final issue
argues that the trial court abused its discretion in ordering payment of
spousal maintenance in the maximum amount of twenty percent of appellant=s gross monthly
income.  Specifically, the trial court
ordered Edward Amos to pay Karen Amos $1,256.60 per month in spousal
maintenance, which amounts to 20% of his gross monthly wages.

The Texas Family Code provides that the court may not order
maintenance that requires a spouse to pay monthly more than the lesser of
$2,500.00 or twenty percent of the spouse=s average
monthly gross income.  Tex. Fam. Code Ann.  ' 8.055 (Vernon
Supp. 2002).  Factors involved in determining
maintenance include: the financial resources of the spouse seeking maintenance,
the age, employment history, earning ability, and physical and emotional
condition of the spouse seeking maintenance. 
Tex. Fam. Code Ann.  ' 8.052 (Vernon
Supp. 2002). 








As previously discussed in our preceding analysis, evidence was
introduced detailing Karen Amos=s difficulty
caused from her physical disability, her diminished earning ability and her
minimal financial resources.  As such, we
hold that the  trial court did not abuse
its discretion because there was some evidence of a substantive and probative
character to support the court=s decision and
the court did not act arbitrarily or unreasonable, or without any reference to
guiding rules and principles.  Robinson,
923 S.W.2d at 558; In re Bertram, 981 S.W.2d at 826-27.  

Appellant=s final issue
is overruled.

We affirm the judgment of the trial court.

 

_____________________

ROGELIO
VALDEZ

Chief
Justice

 

Publish.

Tex. R. App. P. 47.3(b).

 

Opinion
delivered and filed

this 13th day
of June , 2002.

 

 











[1]The
appellant=s brief
contains 6 headings under AIssues
Presented@ in its
appeal.  Three of the issues however are
assertions regarding the procedure taken by courts in awarding and reviewing an
award of spousal maintenance, not distinct complaints which the appellant
requests that we review.  Specifically
the plaintiff=s issues
include: AWho has the
burden of proof in a claim for spousal maintenance? . . . What is the standard
of review . . . How can a judgment of spousal maintenance be suspended pending
appeal?@  We further note that the six headings under AIssues
Presented@ do not match
the structure of the argument.