NO. 07-02-0116-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



AUGUST 21, 2002


______________________________



DAVID JOE CORTEZ
,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 47TH DISTRICT COURT OF RANDALL COUNTY;



NO. 13671-A; HON. DAVID L. GLEASON, PRESIDING


_______________________________



Before BOYD, C.J., QUINN and REAVIS, JJ.

 David Joe Cortez (appellant) appeals his conviction for delivery of a controlled
substance, a first degree felony. Pursuant to a plea of guilty, but without benefit of an
agreed recommendation from the State as to punishment, the trial court found him guilty
and assessed punishment at thirty years in the Texas Department of Corrections
Institutional Division. Appellant now appeals his conviction. 

 Appellant's appointed counsel has filed a motion to withdraw, together with an
Anders (1) brief, wherein she certifies that, after diligently searching the record, she has
concluded that appellant's appeal is without merit. Along with her brief, appellate counsel
has attached a copy of a letter sent to appellant informing him of counsel's belief that there
was no reversible error and of appellant's right to appeal pro se. By letter dated July 11,
2002, this court notified appellant of his right to file his own brief or response by August
7, 2002, if he wished to do so. To date, appellant has failed to file a response or a motion
for extension of time to file same.

 In her Anders brief, appellant's counsel explained why she concluded that no
arguable basis for appeal existed. She considered such things as the 1) sufficiency of the
indictment to state an offense and invoke the trial court's jurisdiction, 2) pre-trial motions
regarding appellant's juvenile record to be used at punishment which are permitted by the
Texas Family Code, §58.007(g), 3) voluntariness of appellant's plea and the statutory
admonitions given by the trial court, 4) existence of evidence supporting the finding of
guilt, and 5) fact that punishment was assessed within the range allowed by law.

 Thereafter, we conducted our own review of the record to assess the accuracy of
appellate counsel's conclusions and to uncover any error, reversible or otherwise,
pursuant to Stafford v. State, 813 S.W.2d 503 (Tex. Crim. App. 1991). Our own review not
only confirmed the accuracy of appellate counsel's representations but also failed to reveal
any error. 

 Accordingly, the motion to withdraw is granted and the judgment is affirmed. 



 Brian Quinn 

 Justice 

 

 

Do not publish. 
1. Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).



al offense that also constitutes an
act of family violence under Title 4 and the offense occurred:


 (A) within two years before the date on which a suit for dissolution of
the marriage is filed; or


 (B) while the suit is pending; or


 (2) the duration of the marriage was 10 years or longer, the spouse seeking
maintenance lacks sufficient property, including property distributed to the
spouse under this code, to provide for the spouse's minimum reasonable
needs, as limited by Section 8.054, and the spouse seeking maintenance:


 (A) is unable to support himself or herself through appropriate
employment because of an incapacitating physical or mental
disability;


 (B) is the custodian of a child of the marriage of any age who requires
substantial care and personal supervision because a physical or
mental disability makes it necessary, taking into consideration the
needs of the child, that the spouse not be employed outside the
home; or


 (C) clearly lacks earning ability in the labor market adequate to
provide support for the spouse's minimum reasonable needs, as
limited by Section 8.054. 

Tex. Fam. Code Ann. § 8.051 (Vernon 2006). Chapter 8 also establishes a presumption
against an award of spousal maintenance which may be overcome by evidence the spouse
seeking maintenance has exercised diligence in seeking suitable employment or
developing skills to become self supporting, or is unable to do so because the spouse or
a child under the spouse's care suffers from a disability. Tex. Fam. Code Ann. § 8.053
(Vernon 2006); see Pickens v. Pickens, 62 S.W.3d 212, 215 (Tex.App.-Dallas 2001, pet.
denied) (addressing disability). Additional limitations are placed on the amount and
duration of maintenance awards. Monthly maintenance may be no more than 20 percent
of the obligor's average gross income or $2500, whichever is less. Tex. Fam. Code Ann.
§ 8.055 (Vernon 2006). The period of payments must be limited to "the shortest
reasonable period that allows the spouse seeking maintenance to meet the spouse's
minimum reasonable needs by obtaining appropriate employment or developing an
appropriate skill," unless the spouse's ability to provide for the spouse's own needs is
precluded by disability, care for a young child or other "compelling impediment." Tex. Fam.
Code Ann. § 8.054(a) (Vernon 2006). 

 We review an award of spousal maintenance for abuse of discretion. Alexander v.
Alexander, 982 S.W.2d 116, 119 (Tex.App.-Houston [1st Dist.] 1998, no pet). The trial
court does not abuse its discretion if there is some probative and substantive evidence to
support the trial court's decision or if the evidence is conflicting. In re A.S.M., 172 S.W.3d
710, 717 (Tex.App.-Fort Worth 2005, no pet.). Where, as here, no findings of fact and
conclusions of law are requested or filed, we presume the court made findings necessary
to support its judgment. Yarbrough v. Yarbrough, 151 S.W.3d 687, 690 (Tex.App.-Waco
2004, no pet.). Further, the judgment must be affirmed if it can be upheld on any legal
theory supported by the evidence. Id. 

 We agree with Hector's position there is no evidence of family violence or evidence
that Rachel is unable to support herself because of an incapacitating disability. (2) The trial
court's order can be upheld only if there is some probative evidence supporting implied
findings that (1) the parties were married at least ten years, (2) Rachel lacks sufficient
property to provide for her minimum reasonable needs, and (3) she clearly lacks earning
ability adequate to provide for her minimum reasonable needs. Limbaugh v. Limbaugh,
71 S.W.3d 1, 12 (Tex.App.-Waco 2002, no pet.). 

 There is no question the parties were married more than ten years. Hector also
concedes that Rachel lacks sufficient property to provide for her minimum reasonable
needs. Hector's brief and our review focus on the third element. The presence of that
element depends on two factual determinations: Rachel's minimum reasonable needs,
and whether she clearly lacked the earning ability to meet those needs. Rachel testified
her expenses totaled $2824 a month, and submitted a list of monthly expenses totaling that
amount. The list included the monthly payments on the 1998 Blazer, for which she was
responsible under the property division, but the list did not include other needs to which
Rachel testified, such as the need for new tires for the vehicle. (3) Her testimony and the list
provide some probative evidence from which the court could determine her minimum
reasonable needs. See Limbaugh, 71 S.W.3d at 14 (relying on similar evidence to support
findings of minimum reasonable needs). 

 Rachel's employment history is not fully developed in the evidence. As noted, at
some time during the marriage, she obtained a college degree. She testified she did not
hold a state teacher's certificate, (4) but had taught in a private high school that did not
require certification. She last taught during the school year ending in 2003. After she and
Celeste moved to Austin in the summer of 2004, Rachel worked at a department store and,
for a week, at another job. She also worked part-time as a substitute teacher, earning $70
a day. Her tax return shows total 2004 wages of just over $1500. Rachel testified she
borrowed money from several family members and friends. In January 2005, she obtained
a full-time job as a recruiter for Austin Community College. She said her health insurance
through her employer would become effective on May 1, 2005. Her monthly net income
from her full-time employment was $2170, leaving a shortfall of some $650 a month when
compared with her estimate of monthly expenses of $2824.

 Rachel's progression from part-time to full-time employment, with increasing
benefits, during the pendency of the divorce proceeding provides some evidence she
exercised diligence in seeking suitable employment. The trial court did not abuse its
discretion through its implied finding that she overcame the presumption established by
section 8.053(a).

 Hector argues that Rachel's possession of a college degree and her acquisition
of full-time employment by the time of trial disqualify her from spousal maintenance
through the operation of section 8.054, which limits the duration of maintenance to the
"shortest reasonable period that allows the spouse seeking maintenance to meet the
spouse's minimum reasonable needs by obtaining appropriate employment or developing
an appropriate skill . . . ." Tex. Fam. Code Ann. § 8.054 (Vernon 2006). He contends the
evidence is clear that Rachel has appropriate skills and had obtained appropriate
employment. We do not agree that the possession of a college degree disqualifies one
from spousal maintenance. See Deltuva v. Deltuva, 113 S.W.3d 882, 888 (Tex.App.-
Dallas 2003, no pet.) (award of spousal maintenance to college graduate realtor not abuse
of discretion). Nor do we agree that Rachel's mere obtaining of full-time employment
precludes the award of spousal maintenance to her when evidence shows she still is not
yet able to meet her minimum reasonable needs. Section 8.054 does not focus simply on
the period necessary to obtain employment, but that which allows the spouse to meet
minimum reasonable needs. 

 Hector's argument is essentially the same as that rejected by the court in In re
Marriage of Hale, 975 S.W.2d 694 (Tex.App.-Texarkana 1998, no pet.), which found no
statutory language and no authority to support the husband's contention that the wife's
gainful employment during their separation before divorce precluded an award of spousal
maintenance. (5) Id. at 698. We find no abuse of discretion in the trial court's implicit finding
that Rachel, at the time of trial, clearly lacked earning ability in the labor market adequate
to provide support for her minimum reasonable needs. See Deltuva, 113 S.W.3d at 888
(no abuse of discretion in award of maintenance to wife who acquired real estate license
and sold one house before trial) (citing Limbaugh, 71 S.W.3d at 15). 

 Appellant's issue is overruled, and the trial court's judgment is affirmed.


 James T. Campbell

 Justice










1. Evidence indicates both spouses benefitted from the proceeds of the loan.
2. Hector does not deny that Rachel was unable to work while recovering from
surgery to treat her cancer. However, those events occurred before the divorce petition
was filed.
3. Rachel's evidence also included a list of unpaid medical expenses totaling some
$7100. Her monthly expense list did not make any provision for payment of those medical
expenses.
4. She said she attempted to obtain state certification at one point, but did not "pass
the test."
5. We recognize Rachel's earning ability in the labor market greatly exceeds that of
the wife seeking maintenance in Marriage of Hale, 975 S.W.2d at 695-96. That difference
does not detract from the applicability of the court's holding to our situation.