In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-03-00003-CV


______________________________




IN THE MATTER OF THE MARRIAGE OF


 MARIE GRAVES AND LEO W. GRAVES





 


On Appeal from the 123rd Judicial District Court


Panola County, Texas


Trial Court No. 2002-D-006




 




Before Morriss, C.J., Ross and Carter, JJ.


Memorandum Opinion by Justice Carter



MEMORANDUM OPINION



 Marie and Leo W. Graves were married for twenty-nine years. In their divorce, the trial court
awarded Marie $300.00 per month for twenty-four months as spousal maintenance. In her appeal,
Marie's only allegation is that the trial court abused its discretion setting spousal maintenance. We
affirm the judgment. 

 During the marriage, Leo and Marie Graves owned and operated a business selling and
repairing tires. They had acquired a home, property on which the business was located, some
acreage in Keatchie, Louisiana, automobiles, and other personal property. The trial court entered
findings of fact and conclusions of law, which are unchallenged, that the debt and tax liens owed on
the home and the business property exceed the amount the properties are worth. The property in
Louisiana had a small equity. Leo was granted the home, business, real property associated with the
business, and some personal property, and was ordered to pay all indebtedness on property he
received and all federal tax liabilities. Marie was granted the real property in Louisiana, a vehicle,
personal property, and a judgment against Leo in the amount of $7,500.00. She was ordered to
assume all debt on the Louisiana property. Additionally, the trial court awarded Marie spousal
maintenance of $300.00 per month for twenty-four months or until the death of either party, her
remarriage, or further order of the court. 

 During the marriage, Marie worked in the business owned by the parties. The parties
reported their income on tax returns as follows: 1999-$4,655.00; 2000-$4,541.00; 2001-$9,985.00. 
Leo had also served as a pastor, but does not now receive income from that source. The current
gross receipts of the tire business is approximately $6,000.00 per month, of which Leo alleges
one-fourth, or $1,500.00, is profit. 

 Marie alleges the trial court abused its discretion in its decision on spousal support,
considering the evidence and the statutory factors involved. 

 Section 8.051(2) of the Texas Family Code provides that a trial court may order spousal
maintenance if the duration of the marriage was ten years or longer, the spouse seeking maintenance
lacks sufficient property, including property distributed to the spouse under the Code, to provide for
the spouse's minimum reasonable needs and the spouse seeking maintenance clearly lacks earning
ability in the labor market adequate to provide support for the spouse's minimum reasonable needs,
as limited by Section 8.054. Tex. Fam. Code Ann. §§ 8.051(2), 8.054 (Vernon Supp. 2003).

 After determining that a spouse is eligible for maintenance, the trial court must determine
the nature, amount, duration, and manner of periodic payments by considering all relevant factors,
including, but not limited to: 

 (1) the financial resources of the spouse seeking maintenance, including the
community and separate property and liabilities apportioned to that spouse in the
dissolution proceeding, and that spouse's ability to meet the spouse's needs
independently;


 (2) the education and employment skills of the spouses, the time necessary
to acquire sufficient education or training to enable the spouse seeking maintenance
to find appropriate employment, the availability of that education or training, and the
feasibility of that education or training;


 (3) the duration of the marriage;


 (4) the age, employment history, earning ability, and physical and emotional
condition of the spouse seeking maintenance;


 (5) the ability of the spouse from whom maintenance is requested to meet that
spouse's personal needs and to provide periodic child support payments, if applicable,
while meeting the personal needs of the spouse seeking maintenance;


 (6) acts by either spouse resulting in excessive or abnormal expenditures or
destruction, concealment, or fraudulent disposition of community property, joint
tenancy, or other property held in common;


 (7) the comparative financial resources of the spouses, including medical,
retirement, insurance, or other benefits, and the separate property of each spouse;


 (8) the contribution by one spouse to the education, training, or increased
earning power of the other spouse;


 (9) the property brought to the marriage by either spouse;


 (10) the contribution of a spouse as a homemaker;


 (11) marital misconduct of the spouse seeking maintenance; and


 (12) the efforts of the spouse seeking maintenance to pursue available
employment counseling as provided by Chapter 304, Labor Code.


Tex. Fam. Code Ann. § 8.052 (Vernon Supp. 2003).

 We review the trial court's decision to award spousal maintenance under an abuse of
discretion standard. In re Marriage of Hale, 975 S.W.2d 694, 697 (Tex. App.-Texarkana 1998, no
pet.); Dubois v. Dubois, 956 S.W.2d 607, 610 (Tex. App.-Tyler 1997, no pet.). The trial court
abuses its discretion when it acts arbitrarily or unreasonably, or without any reference to guiding
rules and principles. See E.I. du Pont de Nemours & Co. v. Robinson, 923 S.W.2d 549, 558 (Tex.
1995). The trial court does not abuse its discretion if there is some evidence of a substantive and
probative character to support the decision or if reasonable minds could differ as to the result. In re
Marriage of Bertram, 981 S.W.2d 820, 826-27 (Tex. App.-Texarkana 1998, no pet.). Absent a clear
abuse of discretion, we do not disturb the trial court's decision to award spousal maintenance. Hale,
975 S.W.2d at 697. Deciding the minimum reasonable needs for a particular individual is a fact-specific determination that should be made by the trial court on a case-by-case basis. See id.

 Leo argues that the maintenance order is proper and set at the maximum amount allowed by
statute. Section 8.055 of the Texas Family Code states : "(a) A court may not order maintenance
that requires an obligor to pay monthly more than the lesser of: (1) $2,500; or (2) 20 percent of the
spouses's average monthly gross income." Tex. Fam. Code Ann. § 8.055 (Vernon Supp. 2003). 
The evidence concerning income was that the tire business grossed $6,000.00 per month. Leo
testified that the"profit" was one-fourth of that amount, or $1,500.00, per month. The Texas Family
Code recognizes that income from self-employment must be treated differently than the income of
a wage earner. In reference to child support, income from self-employment is defined to include all
benefits "less ordinary and necessary expenses required to produce that income." Tex. Fam. Code
Ann. § 154.065 (Vernon 2002). The court is allowed to exclude business expenses shown by the
evidence as inappropriate. Tex. Fam. Code Ann. § 154.065(b). The only evidence in this record
of Leo's current income is as stated above and the tax returns. Even though Marie worked in the
business, she did not controvert the amounts as presented by Leo or present any evidence of
inappropriate business expenses. Although this evidence of Leo's income comes from him, it was
of a nature that could have been contradicted at least to some extent, either directly or indirectly, if
untrue. Dubois, 956 S.W.2d at 611. We cannot disregard Leo's unchallenged evidence regarding
his income. Ex parte Gonzales, 414 S.W.2d 656 (Tex. 1967). The only other income evidence
consisted of tax returns that reflected even less income. Based on the evidence, the maximum
spousal support authorized was $300.00 per month (twenty percent of $1,500.00); therefore, the trial
court did not abuse its discretion in setting the amount of spousal maintenance. 

 The trial court limited the spousal maintenance to twenty-four months, even though the
maximum duration of such an order is three years. Tex. Fam. Code Ann. § 8.054. However, the
statute requires a court to limit the duration of such order to the shortest reasonable period that
allows the spouse seeking maintenance to meet the spouse's minimum reasonable needs by obtaining
appropriate employment or developing an appropriate skill. Tex. Fam. Code Ann. § 8.054(2). 
Marie expressed that she had some health problems, but did not contend she had a physical or mental
disability. She is forty-eight years of age and has some experience working in the tire business with
her husband. She acknowledged she had not sought employment for fourteen to fifteen months
before the divorce hearing. 

 In examining the factors to consider as set out in Section 8.052 in ordering spousal
maintenance, the following factors appear to favor Marie: (1) & (7) financial resources of spouse
seeking maintenance and the comparative financial resources of the spouse, (3) duration of marriage,
(4) employment history and earning ability of spouse seeking maintenance, (5) ability of spouse to
provide support, and (10) contributions as homemaker. 

 The following factor favors Leo: (12) efforts of the spouse seeking maintenance to pursue
available employment counseling. Other factors are essentially neutral: (2) education and
employment skills of spouse; (6) acts by either of abnormal expenditures or fraudulent disposition
of property, (8) contribution by one spouse to the education, training, or increased earning power of
the other, (9) property brought into marriage, and (11) marital misconduct.

 The trial court awarded Marie the maximum spousal maintenance amount based on the
evidence of income for two-thirds of the maximum duration authorized by law. We do not find such
determination an abuse of discretion. 

 We affirm the judgment of the trial court. 




 Jack Carter

 Justice


Date Submitted: September 2, 2003

Date Decided: September 3, 2003