Opinion issued June 17, 2004











     



In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00156-CV




RICHARD DALE COOPER, Appellant

V.

JOANNE MARIE COOPER, Appellee




On Appeal from the 308th District Court
Harris County, Texas
Trial Court Cause No. 01-33623




O P I N I O N

          Richard Dale Cooper, appellant, appeals from a divorce decree awarding
Joanne Marie Cooper, appellee, spousal maintenance of $500 per month for one year. 
Specifically, appellant contends that the trial court abused its discretion by awarding
appellee spousal maintenance because “there is no or insufficient evidence” that
appellee lacked sufficient property and income to supply her minimum reasonable
needs. 
BACKGROUND
          The parties were married in 1981, separated in 2000, and divorced in 2002. At
the time of the divorce, the parties were the parents of SJC, a child under the age of
18 years. In the final decree of divorce, the trial court named appellee as possessory
joint managing conservator of SJC and ordered appellant to pay child support for SJC
to appellee in the amount of $1,200 per month. Further, the trial court found that
appellee was eligible for spousal maintenance and ordered appellant to pay appellee
$500 per month for one year. 
          Subsequently, in findings of facts and conclusions of law requested by
appellant, the trial court found, in pertinent part, that:
A. [Appellee] is eligible for court-ordered maintenance because: 
 
                    1. the duration of the marriage was longer than 10
years; 
 
                    2. [Appellee] lacks sufficient property, including
property distributed to her pursuant to the Final
Decree of Divorce, to provide for [Appellee]’s
minimum reasonable needs; and 
 
                    3. [Appellee] clearly lacks earning ability in the labor
market adequate to provide support for [Appellee]’s
minimum reasonable needs. . . . 
 
C.[Appellee] has exercised due diligence in developing the
necessary skills to become self supporting during the period of
separation and during the time the suit for dissolution of the
marriage was pending. . . 
 
F. Although [Appellee] is employed, her current employment does
not provide for her minimum reasonable needs. 

DISCUSSION
Standard of Review
          Our review of a legal sufficiency point requires us to consider only the
evidence and inferences that tend to support the finding, disregarding all evidence
and inferences to the contrary. Vannerson v. Vannerson, 857 S.W.2d 659, 666 (Tex.
App.—Houston [1st Dist.] 1993, writ denied). If there is any evidence of probative
force to support the finding, i.e., more than a mere scintilla, we will overrule the
issue. Id. In our review of the factual sufficiency of the evidence, we must consider
and weigh all of the evidence, and we will set aside a finding only if the evidence
standing alone is too weak to support the finding, or the finding is so against the great
weight and preponderance of the evidence that it is clearly wrong and unjust. Pool
v. Ford Motor Co., 715 S.W.2d 629, 635 (Tex. 1986); Vannerson, 857 S.W.2d at 666.
Spousal Maintenance
          If, as here, a divorce is sought in a marriage lasting 10 years or longer, a spouse
may seek spousal maintenance under the Family Code. Tex. Fam. Code Ann. §
8.051(2) (Vernon Supp. 2004); Alexander v. Alexander, 982 S.W.2d 116, 117 (Tex.
App.—Houston [1st Dist.] 1998, no pet.). To be eligible for spousal maintenance, the
spouse seeking maintenance must lack sufficient property to provide for the spouse’s
minimum reasonable needs and must show that she cannot support herself (A) due to
a disability, or (B) because she must care for a child with a disability, or (C) she
“clearly lacks earning ability in the labor market adequate to provide support for the
spouse’s minimum reasonable needs.” Tex. Fam. Code Ann. § 8.051(2); Alexander,
982 S.W.2d at 117. Generally, there is a presumption that spousal maintenance is not
warranted unless the spouse seeking maintenance has exercised diligence in (1)
seeking suitable employment, or (2) developing the necessary skills to become self-supporting while the spouses are separated and the divorce action is pending.


 Tex.
Fam. Code Ann. § 8.051(2); Alexander, 982 S.W.2d at 117.
A.      Minimum Reasonable Needs
          The term “minimum reasonable needs” is not defined in the Family Code, nor
are there cases defining the term. In re Marriage of Hale, 975 S.W.2d 694, 697 (Tex.
App.—Texarkana 1998, no pet.). Rather, determining what the minimum reasonable
needs are for a particular individual is a fact-specific determination that should be
made by the trial court on a case-by-case basis. Amos v. Amos, 79 S.W.3d 747, 749
(Tex. App.—Corpus Christi 2002, no pet.). 
          Here, appellant asserts that, because appellee’s “monthly income exceeds her
monthly expenses, [appellee] is not entitled to spousal maintenance; she has
sufficient income, even without resorting to her assets, to satisfy her minimum
reasonable needs.” (Emphasis added). Under these circumstances, because appellant
has limited his argument to a comparison of appellee’s monthly expenses and income,
we limit our review to consideration of appellee’s monthly expenses as evidence of
appellee’s minimum reasonable needs.


 
          During the bench trial, appellee offered into evidence a financial information
statement reflecting that appellee’s monthly expenses totaled $2,566.22.


 In addition
to the expenses listed on appellee’s financial information statement, appellee testified
that she paid $208 per month toward a second lien on her home. The record reflects
that this debt was awarded to appellee in the final divorce decree.


 Additionally,
appellee testified that she makes monthly payments of $20 toward her attorney fees,
which, at the time of trial, were approximately $5,000 to $5,200. Thus, the evidence
demonstrates that, at the time of the bench trial, appellee’s monthly expenses totaled
$2,794.22. 
B.      Evidence of Sufficient Property
          To be eligible for spousal maintenance, appellee must first have shown she
lacked sufficient property to provide for her minimum reasonable needs. See Tex.
Fam. Code Ann. § 8.051(2). The trial court found that appellee lacked sufficient
property, including property distributed to her pursuant to the divorce, to provide for
appellee’s minimum reasonable needs. 
          Appellant asserts that “there is no or insufficient evidence” that appellee lacked
sufficient property and income to supply her minimum reasonable needs. 
Specifically, appellant contends that appellee is not entitled to spousal support
because “she has sufficient income, even without resorting to her assets, to satisfy her
minimum reasonable needs.” (Emphasis added). Under these circumstances, because
appellant limited his argument to appellee’s income, we limit our review to
consideration of appellee’s income as evidence of appellee’s property.
          Appellant contends the evidence demonstrates that appellee’s monthly income
exceeded her monthly expenses, and, as a result, that appellee was not entitled to
spousal maintenance. Appellant asserts that appellee’s monthly income was $2,600,
because she received $1,400 in monthly net salary and $1,200 in monthly child
support payments. Conversely, appellee argues that child support should not be
included as property awarded to a spouse for purposes of analyzing the maintenance
requirements. Specifically, appellee argues that child support is not an asset that is
distributed to a spouse, but is a legal obligation of a parent allocated in a Suit
Affecting the Parent-Child Relationship under the Family Code. See Tex. Fam. Code
Ann. §§ 151.001(a)(8), 153.134(b)(4) (Vernon Supp. 2004).
          Under these facts, however, we need not reach the question whether child
support should be included as property awarded to a spouse for purposes of analyzing
spousal maintenance requirements. The evidence shows that, even with child
support, appellee’s monthly income of $2,600 falls short of appellee’s monthly
expenses of $2,794.22. Accordingly, we find the trial court did not abuse its
discretion in finding that appellee lacked sufficient property to meet her minimal
reasonable needs. 
C.      Consideration of Earning Ability
          To be eligible for spousal support, appellee must have also shown that she
clearly lacked earning ability adequate to provide for her minimum reasonable needs. 
Tex. Fam. Code Ann. § 8.051(2); Alexander, 982 S.W.2d at 117. The trial court
found that appellee “clearly lacks earning ability in the labor market adequate to
provide support for [her] reasonable needs.” Appellant did not challenge this finding. 
Instead, appellant’s argument is based solely upon his assertion that appellee’s
income exceeded her expenses. Appellant did not brief any argument with respect
to appellee’s earning ability. Because appellant did not challenge it, the trial court’s
finding is binding on the parties and this court. Herrera, 981 S.W.2d at 732. 
          After careful consideration of all of the evidence, we hold that the trial court
did not abuse its discretion by awarding appellee spousal maintenance. Accordingly,
we overrule appellant’s single point of error. 
CONCLUSION
          We affirm the judgment of the trial court.
 
 

                                                             Sherry Radack
                                                             Chief Justice
 
Panel consists of Chief Justice Radack and Justices Alcala and Bland.