In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00133-CV
______________________________

Â 
Â 
IN THE MATTER OF THE MARRIAGE OF
ANDY MALLEY AND JULIE MALLEY
AND IN THE INTEREST OF
MATTHEW STEVEN MALLEY AND 
RANDALL LEE MALLEY, MINOR CHILDREN
Â 


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

On Appeal from the Fifth Judicial District Court
 Cass County, Texas
Trial Court No. 05-D-016


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Chief Justice Morriss


MEMORANDUM OPINION
Â Â Â Â Â Â Â Â Â Â Â Â On November 23, 2005, Andy Malley appealed the trial court's judgment granting a final
decree of divorce. That same day, we instructed Malley to complete and file a docketing statement
with this Court by Thursday, December 8, 2005, along with a $125.00 filing fee. By January 11,
2006, we had not received Malley's docketing statement, the filing fee, nor any contact from Malley
regarding this appeal. We therefore informed Malley that, if he made no further effort to pursue this
appeal within ten days, his appeal would be subject to dismissal for want of prosecution as provided
by Rule 42.3 of the Texas Rules of Appellate Procedure. See Tex. R. App. P. 42.3.
Â Â Â Â Â Â Â Â Â Â Â Â Nearly thirty days have passed since we last wrote Malley. He has not contacted this Court,
and has neither paid the filing fee nor submitted a docketing statement. Accordingly, pursuant to the
authority provided by Rule 42.3 of the Texas Rules of Appellate Procedure, we dismiss the appeal
for want of prosecution.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Josh R. Morriss, III
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Chief JusticeÂ 

Date Submitted:Â Â Â Â Â Â Â Â Â Â February 9, 2006
Date Decided:Â Â Â Â Â Â Â Â Â Â Â Â Â February 10, 2006






imes New Roman"> (7) the comparative financial resources of the spouses, including medical,
retirement, insurance, or other benefits, and the separate property of each spouse;


 (8) the contribution by one spouse to the education, training, or increased
earning power of the other spouse;


 (9) the property brought to the marriage by either spouse;


 (10) the contribution of a spouse as a homemaker;


 (11) marital misconduct of the spouse seeking maintenance; and


 (12) the efforts of the spouse seeking maintenance to pursue available
employment counseling as provided by Chapter 304, Labor Code.


Tex. Fam. Code Ann. § 8.052 (Vernon Supp. 2003).

 We review the trial court's decision to award spousal maintenance under an abuse of
discretion standard. In re Marriage of Hale, 975 S.W.2d 694, 697 (Tex. App.-Texarkana 1998, no
pet.); Dubois v. Dubois, 956 S.W.2d 607, 610 (Tex. App.-Tyler 1997, no pet.). The trial court
abuses its discretion when it acts arbitrarily or unreasonably, or without any reference to guiding
rules and principles. See E.I. du Pont de Nemours & Co. v. Robinson, 923 S.W.2d 549, 558 (Tex.
1995). The trial court does not abuse its discretion if there is some evidence of a substantive and
probative character to support the decision or if reasonable minds could differ as to the result. In re
Marriage of Bertram, 981 S.W.2d 820, 826-27 (Tex. App.-Texarkana 1998, no pet.). Absent a clear
abuse of discretion, we do not disturb the trial court's decision to award spousal maintenance. Hale,
975 S.W.2d at 697. Deciding the minimum reasonable needs for a particular individual is a fact-specific determination that should be made by the trial court on a case-by-case basis. See id.

 Leo argues that the maintenance order is proper and set at the maximum amount allowed by
statute. Section 8.055 of the Texas Family Code states : "(a) A court may not order maintenance
that requires an obligor to pay monthly more than the lesser of: (1) $2,500; or (2) 20 percent of the
spouses's average monthly gross income." Tex. Fam. Code Ann. Â§ 8.055 (Vernon Supp. 2003). 
The evidence concerning income was that the tire business grossed $6,000.00 per month. Leo
testified that the"profit" was one-fourth of that amount, or $1,500.00, per month. The Texas Family
Code recognizes that income from self-employment must be treated differently than the income of
a wage earner. In reference to child support, income from self-employment is defined to include all
benefits "less ordinary and necessary expenses required to produce that income." Tex. Fam. Code
Ann. Â§Â 154.065 (Vernon 2002). The court is allowed to exclude business expenses shown by the
evidence as inappropriate. Tex. Fam. Code Ann. Â§ 154.065(b). The only evidence in this record
of Leo's current income is as stated above and the tax returns. Even though Marie worked in the
business, she did not controvert the amounts as presented by Leo or present any evidence of
inappropriate business expenses. Although this evidence of Leo's income comes from him, it was
of a nature that could have been contradicted at least to some extent, either directly or indirectly, if
untrue. Dubois, 956 S.W.2d at 611. We cannot disregard Leo's unchallenged evidence regarding
his income. Ex parte Gonzales, 414 S.W.2d 656 (Tex. 1967). The only other income evidence
consisted of tax returns that reflected even less income. Based on the evidence, the maximum
spousal support authorized was $300.00 per month (twenty percent of $1,500.00); therefore, the trial
court did not abuse its discretion in setting the amount of spousal maintenance. 

 The trial court limited the spousal maintenance to twenty-four months, even though the
maximum duration of such an order is three years. Tex. Fam. Code Ann. Â§ 8.054. However, the
statute requires a court to limit the duration of such order to the shortest reasonable period that
allows the spouse seeking maintenance to meet the spouse's minimum reasonable needs by obtaining
appropriate employment or developing an appropriate skill. Tex. Fam. Code Ann. Â§ 8.054(2). 
Marie expressed that she had some health problems, but did not contend she had a physical or mental
disability. She is forty-eight years of age and has some experience working in the tire business with
her husband. She acknowledged she had not sought employment for fourteen to fifteen months
before the divorce hearing. 

 In examining the factors to consider as set out in Section 8.052 in ordering spousal
maintenance, the following factors appear to favor Marie: (1) & (7) financial resources of spouse
seeking maintenance and the comparative financial resources of the spouse, (3) duration of marriage,
(4) employment history and earning ability of spouse seeking maintenance, (5) ability of spouse to
provide support, and (10) contributions as homemaker. 

 The following factor favors Leo: (12) efforts of the spouse seeking maintenance to pursue
available employment counseling. Other factors are essentially neutral: (2) education and
employment skills of spouse; (6) acts by either of abnormal expenditures or fraudulent disposition
of property, (8) contribution by one spouse to the education, training, or increased earning power of
the other, (9) property brought into marriage, and (11) marital misconduct.

 The trial court awarded Marie the maximum spousal maintenance amount based on the
evidence of income for two-thirds of the maximum duration authorized by law. We do not find such
determination an abuse of discretion. 

 We affirm the judgment of the trial court. 




 Jack Carter

 Justice


Date Submitted: September 2, 2003

Date Decided: September 3, 2003